OCT 12 2023 PM 4:14
FILED-USDC-CT-NEW HAVEN

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

THEODORA F. ANTAR,
*Individually & as legal guardian of her minor children A.L. and J.V.*

*Plaintiff,*

v.

HON. JANE KUPSON GROSSMAN *Official & individual capacities*, JUDICIAL BRANCH OF THE STATE OF CONNECTICUT, TOWN OF ORANGE, ORANGE DEPARTMENT OF POLICE SERVICES, CITY OF NEW BRITAIN, ABDELGHANY ANTAR, ADAM REMBISZ, *Official and individual capacities*, ALEXANDRA WARZOCHA, *Official and individual capacities*, ALEXIS SMITH, *Official & individual capacities*, ALLIE JACOBS, *Official and individual capacities*, AMANDA NUGENT, *Official & individual capacities*, AMANDA DEVAN NARDOZZI, *Official and individual capacities*, AMBER DOE, *Official and individual capacities*, SGT. AMEER WILLIAMS, *Official & individual capacities*, AMINA CONNELLY, *Official & individual capacities* ANASTASIA GANIM, *Official and individual capacities*, ANDREW KNOTT, *Official & individual capacities*, ANDREW MARSHALL, *Official & individual capacities*, ANN DENNY, *Official & individual capacities*, ANNAMARIA BARANOWSKI, *Official & individual capacities*, ANNISA KLAPPROTH, *Official & individual capacities*, ANTHONY ZUPPARDI, *Official & individual capacities, See pg. 2\**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CASE NO. _____

**COMPLAINT FOR FRAUD, RACKETEERING, ABUSE OF PROCESS, AND CIVIL CONSPIRACY**

**DEMAND FOR JURY TRIAL**

1- COMPLAINT FOR FRAUD, RACKETEERING, ABUSE OF PROCESS, AND CIVIL CONSPIRACY

DEFENDANTS CONTINUED FROM PAGE 1:

ANY AND ALL CLERKS/JUDICIAL MARSHALS PRESENT AT NEW HAVEN SUPERIOR COURT ON 4/8/22 6/1/22 6/28/22 4/5/23 5/25/23 6/15/23 8/1/23 & 10/4/23, *Official and individual capacities*, ASHLEY GRAY, ASST. CHIEF MAX MARTINS, *Official and individual capacities*, ASSISTANT CLERK DYLAN WINGARD, *Official and individual capacities*, ASSISTANT STATE'S ATTORNEY LAURA DELEO, *Official and individual capacities*, ASSISTANT STATE'S ATTORNEY REBECCA BARRY, *Official and individual capacities*, BARBARA BELLUCCI, *Official and individual capacities*, BASIL R.A. MAHONEY, *Official and individual capacities*,   BENJAMIN ABRAMS, *Official and individual capacities,* BENJAMIN GETTINGER, *Official and individual capacities*, BETSY KELLER, *Official and individual capacities*, BHCARE INC, BHCARE FOUNDATION INC, BLAKE SULLIVAN, *Official and individual capacities,* BRAD SAXTON, *Official and individual capacities*, BRUCE MARTIN, BUNNY VILLAGE LEARNING CENTER LLC, CARLA SMITH STOVER, PHD., *Official and individual capacities*, CARRIE BRICKHOUSE, *Official and individual capacities*,   CASEY BRINKMAN, *Official and individual capacities*, CAT ITAYA, *Official and individual capacities,* CENTER FOR CHILDREN'S ADVOCACY INC.,   CHARLES & BONI-VENDOLA LLC, CHRIS R. NELSON, *Official and individual capacities*,   CHRISTINA DOE, *Official and individual capacities*, CHRISTOPHER GANIM, CHRISTOPHER KATAGIS, CITY OF NEW BRITAIN, CITY OF NEW HAVEN, CITY OF WATERBURY, ASSISTANT SUPERVISORY STATES ATTORNEY COLLEEN V. ZINGARO, *Official and individual capacities,* ASSOCIATION OF COURT SECURITY OFFICERS-CONNECTICUT INC., JEFFREY S. LEHMAN, *Official and individual capacities,* CONNECTICUT DEPARTMENT OF EMERGENCY SERVCIES AND PUBLCI PROTECTION, CONNECTICUT ALLIANCE TO END SEXUAL VIOLENCE INC., CONNECTICUT COALITION AGAINST DOMESTIC VIOLENCE INC., CONNECTICUT DEPARTMENT OF PUBLIC SAFETY, CONNECTICUT HUSKY HEALTH, CONNECTICUT JUDICIAL BRANCH CENTRALIZED ADA OFFICE, CONNECTICUT JUDICIAL REVIEW COUNCIL, CONNECTICUT LEGAL SERVICES, CONNECTICUT OFFICE OF THE VICTIM ADVOCATE,  CONNECTICUT OFFICE OF VICTIM SERVICES,  CONNECTICUT STATE DEPARTMENT OF CHILDREN AND FAMILIES, CONNECTICUT PROTECTIVE MOMS INC., CONNECTICUT STATE CHILD SUPPORT ENFORCEMENT SERVICES, CONNECTICUT STATE DEPARTMENT OF SOCIAL SERVICES,

CONNECTICUT STATE DIVISION OF CRIMINAL JUSTICE, CONNECTICUT STATE POLICE TROOP I BETHANY, CONNECTICUT WOMEN'S EDUCATION AND LEGAL FUND, CONOR DUFFY, *Official and individual capacities*, CRIS DOE, *Official and individual capacities*, MAGISTRATE CYNTHIA ANGER, *Official and individual capacities,* DANIEL BURNS, *Official and individual capacities*, DENNIS REILLY, *Official and individual capacities*, DIAMANTO ANTONELLIS, DISPATCHER WHITHAM #206, *Official and individual capacities*, DONALD CRETELLA, DONNA DICOSMO, DR. ANTHONY CAMPAGNA, *Official and individual capacities*, DR. ERIC FRAZER, *Official and individual capacities*, CONNECTICUT LEGAL SERVICES, INC., DR. KIMBERLY CITRON, *Official and individual capacities*, DR. ROBERT HOROWITZ, *Official and individual capacities*, DR. WENDY LEVY, *Official and individual capacities*, OFFICER E AVILES OF THE NEW HAVEN POLICE DEPARTMENT #263, *Official and individual capacities*, ELIZABETH PROTZMAN, *Official and individual capacities*, ELWYN BREWSTER QUIRK, *Official and individual capacities*,  ERIN KRYGIER, *Official and individual capacities,* EUGENE ZINGARO, GABRIEL MINA, GANIM LEGAL LLC, GERALD VIGLIONE JR., GINA KILLIAN, *Official and individual capacities*, GOVERNOR NED LAMONT, *Official and individual capacities*, GREGORY GALLO, HAPPY EVEN AFTER FAMILY LAW LLC,  HEALING SPRINGS WELLNESS CENTER LLC, HEATHER COLLINS, *Official and individual capacities,* HEAVENLY GIFT CHILDCARE CENTER LLC, HON. ARTHUR HILLER, *Official and individual capacities,* HON. CHERIE PHOENIX-SHARPE, *Official and individual capacities*, HON. CHRISTINE P. RAPILLO, *Official and individual capacities,* HON. CHRISTOPHER GRIFFIN, *Official and individual capacities*, HON. DAWNE G. WESTBROOK, *Official and individual capacities,* HON. EDWARD GRAZIANI, *Official and individual capacities*, HON. ERIKA MONIQUE TINDILL, *Official and individual capacities*, HON. JAMES ABRAMS, *Official and individual capacities,* HON. JAMES KENEFICK, *Official and individual capacities*, HON. KEVIN RANDOLPH, *Official and individual capacities*, HON. MARGARITA H. MOORE, *Official and individual capacities*, HON. MARK T. GOULD, *Official and individual capacities,* HON. MATTHEW P. VACCARELLI, *Official and individual capacities,* HON. MAUREEN PRICE-BORELAND, *Official and individual capacities*, HON. JON M. ALANDER, *Official and individual capacities,* OFFICER MORTALLI OF THE HAMDEN POLICE DEPARTMENT, *Official and individual capacities,* SEVERAL OTHER JANE DOE AND JOHN DOE OFFICERS FROM THE HAMDEN POLICE DEPARTMENT, *Official and individual capacities,* HON. MICHAEL KAMP, *Official and individual*

*capacities*, HON. PETER BROWN, *Official and individual capacities*, HON. SCOTT JONES, *Official and individual capacities*,  HON. TAMMY GEATHERS, *Official and individual capacities*, HOWARD LEVINE, *Official and individual capacities*, IRENE ANTAR O.D., *Official and individual capacities*, JAMES HENKE, *Official and individual capacities*, JAMES LAMBO, *Official and individual capacities,* JAMES ZEOLI FIRST SELECTMAN OF THE TOWN OF ORANGE, *Official and individual capacities,* JOHN CARANGELO, *Official and individual capacities*, PJ SHANLEY, *Official and individual capacities*, MITCHELL R. GOLDBLATT, *Official and individual capacities*, RALPH OKENQUIST, *Official and individual capacities*, JUDY W. WILLIAMS, *Official and individual capacities*, TOWN OF ORANGE CONNECTICUT BOARD OF SELECTMEN, TOWN OF ORANGE BOARD OF POLICE COMMISSIONERS, TOWN OF ORANGE BOARD OF POLICE COMMISSIONER CHAIRMAN JACK BARTON, *Official and individual capacities,* MARIAN HURLEY, *Official and individual capacities,* ROY CUZZOCREO, *Official and individual capacities,* NYJAHWAHN WALKER, *Official and individual capacities,* CHRISTOPHER CARVETH, *Official and individual capacities,* JAMIE HOBART LAMBO, *Official and individual capacities*, JANE ADAMIK, *Official and individual capacities*, JANET ORTIZ, *Official and individual capacities*, MAGISTRATE JENNIFER AGUILAR, *Official and individual capacities,* JENNIFER GALLO LODICE, JESSICA MAYO PH.D, *Official and individual capacities*, JESSICA STRUSKY, *Official and individual capacities*, JIA LUO, *Official and individual capacities*, JOAQUINA BORGES KING, *Official and individual capacities,* JOHN PARESE, *Official and individual capacities*, JOSEPH DECICCO, *Official and individual capacities*, JOSEPH M. PORTO, *Official and individual capacities*, JOSEPH MERSCHMAN, *Official and individual capacities*, JOSH LAMBO, *Official and individual capacities*, JUDICIAL MARSHAL ANDREWS OF THE NEW HAVEN SUPERIOR COURT, *Official and individual capacitie,* JUDICIAL MARSHAL HAYDEN #567 OF THE NEW HAVEN SUPERIOR COURT, *Official and individual capacities,* JUDICIAL MARSHAL RUNLETT OF THE NEW HAVEN SUPERIOR COURT, *Official and individual capacities*, JUSTIN ATTAI, *Official and individual capacities*, KATHERINE VERANO, *Official and individual capacities*, KAREN BOWERS, *Official and individual capacities* , KATHERINE VERANO, *Official and individual capacities*, SAFE FUTURES INC., KEVIN DUNN, *Official and individual capacities,* KLINGBERG FAMILY CENTER INC., KRISTIANNA TYLER, *Official and individual capacities*, KRISTIN WOLF, LANCIA BLATCHLEY, *Official and individual capacities*, LARAE PLUMMER, *Official and individual capacities*, LEONARD RODRIGUEZ, *Official and individual capacities*, LIEUTENANT ANDERSON

4- COMPLAINT FOR FRAUD, RACKETEERING, ABUSE OF PROCESS, AND CIVIL CONSPIRACY

OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities,* LIEUTENANT BENJAMIN BORELLI OF THE CONNECTICUT STATE POLICE TROOP I BETHANY, *Official and individual capacities,* LIEUTENANT DERUBEIS OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities,* LIEUTENANT JOHN PRISAVAGE OF THE NEW BRITAIN POLICE DEPARTMENT, *Official and individual capacities,* LIEUTENANT JUDICIAL MARSHAL DADIO BADGE #113 OF THE NEW HAVEN SUPERIOR COURT, *Official and individual capacities,* LISA B. GLIBERTO, *Official and individual capacities,* DETECTIVE LISA R. STEEVES OF THE NEW BRITAIN POLICE DEPARTMENT, *Official and individual capacities,* LIZZY CRETELLA, LORI DOE CLERK OF THE NEW HAVEN SUPERIOR COURT, *Official and individual capacities,* LORI SEMRAU, *Official and individual capacities,* LOUIS A. ANNECCHINO, *Official and individual capacities,* LUZ SANTANA, *Official and individual capacities,* LYNDA SORENSEN, *Official and individual capacities,* MAKANA ELLIS, *Official and individual capacities,* MARESSA LATORACCA, *Official and individual capacities,* MARGARET PENNY MASON, *Official and individual capacities,* MARGOT KENEFICK BURKLE, *Official and individual capacities,* MARK D. PHILLIPS, *Official and individual capacities,* MARK WACHTER, MARTHA WEILER, MARY KOZICKI, *Official and individual capacities,* MARY-ANN CHARLES, MATTHEW JOHN LODICE, *Official and individual capacities,* MATTHEW J. LODICE ON BEHALF OF HIS MINOR CHILD D.L., *Official and individual capacities,* MATTHEW LODICE ON BEHALF OF HIS MINOR CHILD S.L., *Official and individual capacities,* MAURA MASTRONY, *Official and individual capacities,* MEGHAN C. MCGRATH, *Official and individual capacities,* MELISSA SWAN, MAYOR JOE GANIM, *Official and individual capacities,* MEREDITH MCGLOIN, *Official and individual capacities,* MERIT LAJOIE, *Official and individual capacities,* MICHAEL HILLIS, MICHELLE M. MURPHY, *Official and individual capacities,* MILFORD SUPERIOR COURT CLERK LAURA, *Official and individual capacities,* MONICA CLOUD ROGERS, *Official and individual capacities,* MONICA PEREZ, *Official and individual capacities,* NANCY DOE CLERK FROM THE NEW HAVEN SUPERIOR COURT, *Official and individual capacities,* NANCY SASSER, *Official and individual capacities,* NANCY VALENTINO, *Official and individual capacities,* NATALIE CABAN, *Official and individual capacities,* NEW BRITAIN POLICE DEPARTMENT, NEW HAVEN CHILD SUPPORT ENFORCEMENT SERVICES, NEW HAVEN COUNTY BAR ASSOCIATION, NEW HAVEN LEGAL ASSISTANCE ASSOCIATION INC., NEW HAVEN POLICE DEPARTMENT, NICOLE TUNG, *Official and individual capacities,* NUMEROUS

JANE DOE AND JOHN DOE DISPATCH AND POLICE OFFICERS OF THE CONNECTICUT STATE POLICE TROOP I BETHANY DEPARTMENT, *Official and individual capacities,* NUMEROUS JANE DOE AND JOHN DOE DISPATCH AND POLICE OFFICERS OF THE NEW BRITAIN POLICE DEPARTMENT, *Official and individual capacities*, NUMEROUS JANE DOE AND JOHN DOE DISPATCH AND POLICE OFFICERS OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities*, OFFICE OF VICTIM COMPENSATION, OFFICE OF VICTIM SERVICES TRAINING, OFFICER ALIZA ESPOSITO OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities*, OFFICER ANDREW SATKOWSKI OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities,* OFFICER ARTABANE OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities,* OFFICER BAILEY OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities*, OFFICER JEFFREY FERNANDES OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities,* OFFICER JOHN LANE OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities,* OFFICER JUSTIANO NIEVES OF THE NEW HAVEN POLICE DEPARTMENT #221, *Official and individual capacities*, OFFICER KURT CORREIA #132 OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities,* OFFICER PADRO OF THE WATERBURY POLICE DEPARTMENT, *Official and individual capacities*, OFFICER PISCITELLI OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities*, OFFICER REPICE OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities*, OFFICER RISTIANO OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities,* OFFICER TAYLOR OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities,* OFFICER YELENIK OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities*, DEAN PAUL CHILL, *Official and individual capacities,* PAUL GANIM, *Official and individual capacities*, PAUL LODICE JR., *Official and individual capacities*, PAUL LODICE SR., *Official and individual capacities,* PREFERRED PEDIATRICS, QUINNIPIAC UNIVERSITY, QUINNIPIAC UNIVERSITY SCHOOL OF LAW, RACHEL REEVES, *Official and individual capacities*, RANDI CALABRESE, RANEIL SMITH, *Official and individual capacities*, RAPE CRISIS CENTER OF MILFORD INC, RENEE CASEY MD, *Official and individual capacities*, RENEW YOUR MIND LLC, REPRESENTATIVE MARY WELANDER, *Official and individual capacities,* CHIEF ROBERT J. GAGNE, *Official and individual capacities*, ROBERT MCCONNELL, *Official and individual capacities*, ROY BOWERS, *Official and individual capacities*, SAFE HAVEN OF GREATER WATERBURY,

SANDRA LUGO GINES, *Official and individual capacities*, SARAH HANNA, *Official and individual capacities*, SCOTT LODICE, *Official and individual capacities*, SCOTT LODICE ON BEHALF OF HIS MINOR CHILD T.L., *Official and individual capacities*, SEAN MCELLIGOTT, *Official and individual capacities*, SENATOR JAMES MARONEY, *Official and individual capacities*, SERGEANT BARTLEY OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities*, SERGEANT JARED BARSELAU OF THE NEW BRITAIN POLICE DEPARTMENT, *Official and individual capacities*, HON. KAREN DEMEOLA, *Official and individual capacities*,  SERGEANT JOEL PORTORREAL OF THE CONNECTICUT STATE POLICE TROOP I OF BETHANY, *Official and individual capacities,* SERGEANT JUDICIAL MARSHAL POWERS BADGE #157 OF THE NEW HAVEN SUPERIOR COURT,  *Official and individual capacities*, SERGEANT JUDICIAL MARSHAL SCHWEITZER BADGE #129 OF THE NEW HAVEN SUPERIOR COURT, *Official and individual capacities*, SERGEANT KIRBY OF THE ORANGE POLICE DEPARTMENT, *Official and individual capacities*, SEVERAL JANE DOE AND JOHN DOE CONNECTICUT JUDICIAL MARSHALS FROM THE MILFORD SUPERIOR COURT, *Official and individual capacities*, SEVERAL JANE DOE AND JOHN DOE CONNECTICUT JUDICIAL MARSHALS FROM THE NEW HAVEN SUPERIOR COURT, *Official and individual capacities,* SEVERAL JANE DOE AND JOHN DOE DERBY SUPERIOR COURT CLERKS, *Official and individual capacities*, SEVERAL JANE DOE AND JOHN DOE MILFORD CONNECTICUT SUPERIOR COURT CLERKS, *Official and individual capacities,* SEVERAL JANE DOE AND JOHN DOE NEW HAVEN SUPERIOR COURT CLERKS, *Official and individual capacities*, SHAKERIA BROWN, *Official and individual capacities*, SHARI-LYNNE CUOMO SHORE, SHAWNIEL CHAMANLAL, *Official and individual capacities*, SHELBY SUMMERS, *Official and individual capacities,* STACY VOTTO, *Official and individual capacities*, STAN STRUSKY, STATE OF CONNECTICUT, STATE OF CONNECTICUT DIVISION OF CRIMINAL JUSTICE, STATE OF CONNECTICUT SENATE DEMOCRATS, STEPHANIE BERNSTEIN, STEPHANIE ROBERGE, *Official and individual capacities*, STEPHANIE SGAMBATI, *Official and individual capacities*, TAHLISA BROUGHAM, *Official and individual capacities*, TAMAR BIRCKHEAD, *Official and individual capacities*, THE CENTER FOR FAMILY JUSTICE INC., THE DECICCO LAW FIRM LLC, THE UMBRELLA CENTER FOR DOMESTIC VIOLENCE SERVICES OF BHCARE, THE UNIVERSITY OF CONNECTICUT, THOMAS A. ESPOSITO, *Official and individual capacities*, TIM POTHIN, *Official and individual capacities*, TOWN OF ORANGE FIRST

SELECTMANS OFFICE, UNIVERSITY OF CONNECTICUT SCHOOL OF LAW, US DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION, VICTIM RIGHTS CENTER OF CONNECTICUT, VIOLENCE AGAINST WOMEN PREVENTION PROGRAM, WELTY ESPOSITO & WEILER LLC, WHOLE HOUSE REMODELING COMPANY LLC, WILLIAM TONG, *Official and individual capacities*, YALE CHILD ABUSE CLINIC, SAFE FUTURES INC.,YALE UNIVERSITY, YALE UNIVERSITY CHILD STUDY CENTER, ZINGARO CRETELLA AND RASILE LLC, DAVID A. CARLSON, *Official and individual capacities,* WATERBURY POLICE DEPARTMENT OPERATOR 452, *Official and individual capacities,* ANY AND ALL JANE DOE AND JOHN DOE DISPATCH OPERATORS FROM THE WATERBURY POLICE DEPARTMENT ON DUTY FROM 10/8/23-10/11/23, *Official and individual capacities,* ANY AND ALL JANE DOE AND JOHN DOE DETECTIVES FROM THE WATERBURY POLICE DEPARTMENT ON DUTY FROM 10/8/23-10/11/23, *Official and individual capacities,* ANY AND ALL JANE DOE AND JOHN DOE OFFICERS FROM THE WATERBURY POLICE DEPARTMENT ON DUTY FROM 10/8/23-10/11/23, *Official and individual capacities,* ANY AND ALL JANE DOE AND JOHN DOE SOCIAL WORKERS FROM THE DEPARTMENT OF CHILDREN AND FAMILIES PRESENT AND INVOLVED IN INCIDENTS OF 10/8/23-10/11/23, *Official and individual capacities,* ANY AND ALL JANE DOE AND JOHN DOE SOCIAL WORKERS FROM THE DEPARTMENT OF CHILDREN AND FAMILIES 24 HOUR CARE LINE OPERATOR SYSTEM WHO TOOK REPORTS REGARDING A.L AND THE INCIDENTS OF 10/8/23-10/11/23, *Official and individual capacities,* CARMELINA CALABRESE, *Official and individual capacities,* SUPERVISOR STEPHANIE N. DOE DIRECTOR OF QUALITY FOR THE QUALITY  DEPARTMENT OF ST. MARY'S HOPSITAL, *Official and individual capacities,* DETECTIVE AGUILAR OF THE WATERBURY POLICE DEPARTMENT, *Official and individual capacities,* ANY AND ALL JANE DOE AND JOHN DOE PARAMEDICS DISPATCHED TO 48 QUARRY HILL RD WATERBURY CT IN RESPONSE TO THE WELFARE OF MINOR CHILD A.L FOR ANY AND ALL OF THE INCIDENTS OF 10/8/23-10/11/23, *Official and individual capacities*, ANY AND ALL JANE DOE AND JOHN DOE WATERBURY POLICE DEPARTMENT OFFICERS DISPATCHED TO 48 QUARRY HILL RD WATERBURY CT IN RESPONSE TO THE WELFARE OF MINOR CHILD A.L FOR ANY AND ALL OF THE INCIDENTS OF 10/8/23-10/11/23, *Official and individual capacities*,  ANY AND ALL JANE DOE AND JOHN DOE EMPLOYEES OF SAINT MARY'S HOSPITAL WHO HAD ANY CONTACT WITH A.L. OR WERE PRESENT AT SAINT

MARY'S HOSPITAL FROM 10/8/23-10/11/23, *Official and individual capacities*, HONORABLE JUDGE JON M. ALANDER, *Official and individual capacities*, OFFICER J. SEEGER OF THE WATERBURY POLICE DEPARTMENT, *Official and individual capacities,* MELANIE S. BUCKLEY, *Official and individual capacities*, SAINT MARY'S HOSPITAL, AMANDA DOE, *Official and individual capacities*, SAFE FUTURES INC., GERAGHTY & BONNANO LLC, MARK DUBOIS, NEW HAVEN COUNTY BAR FOUNDATION INC, CONNECTICUT BAR ASSOCIATION, EMILY KULIKAUSKAS*, Official and individual capacities*, THE FOUNDATION OF THE NEW HAVEN COUNTY BAR, CLIFFORD GARNETT, *Official and individual capacities,* OFFICER NASUFI OF THE WATERBURY POLICE DEPARTMENT, *Official and individual capacities,* OFFICE OF THE STATES ATTORNEY JUDICIAL DISTRICT OF ANSONIA-MILFORD, STATES ATTORNEY MARGARET E. KELLEY, *Official and individual capacities*, ACCESS HEALTH INTERNATIONAL INC., TOWN OF HAMDEN, HAMDEN POLICE DEPARTMENT, OFFICER JOSEPHY MORTALI OF THE HAMDEN POLICE DEPARTMENT, *Official and individual capacities*, JULIO ORTIZ, *Official and individual capacities*, FORTIFIED INVESTIGATIONS AND SECURITY LLC, CONNECTICUT BAR ASSOCIATION INC., DIRECTOR OF HEALTH FOR THE TOWN OF ORANGE AMIR MOHAMMAD, *Official and individual capacities*. LISA ZAPPONE, *Official and individual capacities*, TRINITY HEALTH, INC., TRINITY HEALTH OF NEW ENGLAND CORPORATION INC., SAINT MARY'S HOSPITAL OF WATERBURY, TRINITY HEALTH OF NEW ENGLAND EMERGENCY MEDICAL SERVICES INC., THE COMMUNITY FOUNDATION FOR GREATER NEW HAVEN INC. *Defendants,* VALENTINE RESTREPO, *Official and individual capacities*, KELLI DALY RN, *Official and individual capacities*, DIANA LOPUSNY MD, *Official and individual capacities*, ALLISON PEARSON FNP, *Official and individual capacities*, PREFERRED PEDIATRICS, LLC.

## **COMPLAINT FOR FRAUD, RACKETEERING, ABUSE OF PROCESS, CIVIL CONSPIRACY**

Plaintiff, Theodora F. Antar (hereinafter "Plaintiff" or "Ms. Antar"), as a self-represented litigant, brings this Complaint for fraud, civil conspiracy to commit fraud, abuse of process, civil violations of the Federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1964(c))("Federal RICO") as

well as multiple additional claims, both supplemental and original, of violations of plaintiff's rights by way of Complaint against the above captioned Defendants for cause alleging and stating as follows:

## THE PARTIES

1. Plaintiff, Theodora Antar, *both individually and as next friend and legal guardian of her minor children J.V. and A.L.*, is a resident of, and is domiciled in the State of Connecticut residing at 856 Shagbark Drive, Orange, CT, 06477.

2. Defendants are as follows:

   1. Defendant Honorable Jane Kupson Grossman, *Official and individual capacities,* is the Presiding Judge and AAJ for the Post-Judgment Family Division of the New Haven Superior Court located at 235 Church street, New Haven, CT, the former President of the Family Law Section of the New Haven County Bar Association, President of the Board of the Connecticut Women's Education and Legal Fund, former Presiding Judge for Criminal Matters for New Haven Superior Court at 121 Elm St, New Haven, CT, former Magistrate Judge for New Haven, Bridgeport, and Waterbury CT, and is an adjunct professor at Quinnipiac University School of Law with an official address of 235 Church street, New Haven, CT, 06510.

   2. Defendant Judicial Branch for the State of Connecticut is state government office with a publicly listed address at 20 Park Pl, Vernon, CT 06066.

   3. Defendant Town of Orange is a Town located in New Haven County, in the State of Connecticut with an official address of 617 Orange Center Rd, Orange, CT, 06477.

   4. Defendant Orange Department of Police Services is a police department located at 314 Lambert Rd, Orange, CT, 06477.

   5. Defendant City of New Britain is a City located in Hartford County, in the State of Connecticut with an official address of 27 West Main st, New Britain, CT, 06051.

6. Defendant Abdelghany Antar is a resident of and is domiciled in the State of Connecticut residing at 156 Wintonbury Ave B 112, Bloomfield, CT, 06002, and is the biological father of the plaintiff.

7. Defendant Adam Rembisz, *Official and individual capacities,* is the Captain Criminal Investigations Division of the City of New Britain Police Department. The official address is 10 Chestnut Street, New Britain, CT, 06051.

8. Defendant Alexandra Warzocha, *Official and individual capacities*, is a resident of and is domiciled in the State of Connecticut and is legal assistant and an employee of Zingaro, Cretella, and Rasile LLC with an official address of 681 State St, New Haven, CT, 06510.

9. Defendant Alexis Smith, *Official and individual capacities,* is a resident of and is domiciled in the State of Connecticut and is the Executive Director at New Haven Legal Assistance Association, Inc. with an official address of 205 Orange Street, New Haven, CT, 06510.

10. Defendant Allie Jacobs, Esq., *Official and individual capacities,* is a resident of and is domiciled in the State of Connecticut and is one of the Executive Committee Members of the New Haven County Bar Association. She is an alumnus of Quinnipiac University School of Law, a former Assistant Clerk in Family Matters at New Haven Superior Court for Honorable James G. Kenefick, Jr., and the Co-founder and co-chair of the New Haven County Bar Association LGBTQ Committee. She is employed at Jacobs & Jacobs Injury lawyers with an official address of One Audubon, 1 Audubon Suite 103, New Haven, CT, 06511.

11. Defendant Amanda C. Nugent, *Official and individual capacities,* is a resident of and is domiciled in the State of Connecticut and is the President-elect Executive Committee Officer for the New Haven County Bar Association with an official address of 900 Chapel St #10, New Haven, CT, 06510.

12. Defendant Amanda Devan Nardozzi, *Official and individual capacities,* is a resident of and is

domiciled in the State of Connecticut and is the Executive Director at Safe Haven of Greater Waterbury Inc. She is a member of the International Association of Chiefs of Police, former Commission Member of the Environmental Control Commission for the City of Waterbury, current Board of Director member for Jane Doe No More Inc., current Board of Director member for the Boys and Girls Club of Greater Waterbury, current corporator of Thomaston Savings Bank, Current Commissioner for the Board of Education for the City of Waterbury, former State of Connecticut Department of Corrections Correctional Officer, former patrol officer, detective, police sergeant, and detective sergeant for the Naugatuck Police Department, former director of the Police Recertification Program for Post University, current CT Post Certified Instructor for Police Officer Standards and Training, and former board member for the Connecticut Public Broadcasting Network. The official address is listed at 29 Central Avenue, Waterbury, CT, 06702.

13. Defendant Amber Doe, *Official and individual capacities,* is a resident of the state of Connecticut and is presumed to be a romantic partner of Defendant Matthew J. Iodice. Her address and true identity are unknown at this time.

14. Defendant Sergeant Ameer Williams, #745 of the New Haven Police Department*, Official and individual capacities,* is an employee of the New Haven Police Department and City of New Haven. The official address is 1 Union Ave, New Haven, CT, 06510.

15. Defendant Amina Connelly, *Official and individual capacities*, is the Deputy Chief Clerk for Family Matters for the New Haven Superior Court located at 235 Church st, New Haven, CT.

16. Defendant Anastasia Ganim, *Official and individual capacities*, is a resident of the state of Connecticut and is the biological sister of the plaintiff. She is a state employee employed with Hamden Public Schools and sits as president on the executive board of the Peck Place PTO. The official address is 314 Demarest Drive, Orange, CT, 06477.

17. Defendant Andrew Knott, *Official and individual capacities*, is the President of the Executive Committee of The New Haven County Bar Association. The official address is 900 Chapel St #10, New Haven, CT, 06510.

18. Defendant Andrew Marshall, *Official and individual capacities,* is a resident of the state of Connecticut. He is a PCA at Waterbury Hospital, an Emergency Medical Technician at Medtronic, and a former Emergency Medical Technician Supervisor at Naugatuck Ambulance. His official address is 28 Miller rd., Bethany, CT, 06524.

19. Defendant Ann Denny, *Official and individual capacities*, is the administrative assistant for the First Selectman's office for the Town of Orange, CT. The official address is 617 Orange Center Rd, Orange, CT, 06477.

20. Defendant Annamaria Baranowski, *Official and individual capacities*, is an employee of the State of Connecticut Judicial System Family Services Division at the New Haven Superior Court at 235 Church St, New Haven, CT, 06510.

21. Defendant Annisa Klapproth*, Official and individual capacities*, is one of the Executive Committee Members of the New Haven County Bar Association, with an official address of 900 Chapel St #10, New Haven, CT, 06510.

22. Defendant Anthony Zuppardi*, Official and individual capacities*, is a resident of the state of Connecticut and is a volunteer firefighter/EMT for the North Farms Volunteer Fire Department Inc. with an official address of 95 North Ridgeland Road, Wallingford, CT, 06492.

23. Defendant Clerks/Marshals Present at New Haven Superior Court on 4/8/22 6/1/22 6/28/22 4/5/23 5/25/23 6/15/23 8/1/23 & 10/4/23 is any and all clerks and judicial marshals that were present at the New Haven Superior Court on the dates of 4/8/22, 6/1/22, 6/28/22,  4/5/23, 5/25/23, 6/15/23, 8/1/23 and 10/4/23. The official address is 235 Church Street, New Haven, CT, 06510.

24. Defendant Ashley Gray is a resident of the state of Connecticut and is domiciled in Connecticut and resides at 13 Plank rd., Prospect, CT, 06712

25. Defendant Assistant Chief Max Martins, *Official and individual capacities*, is the Assistant Chief for the Orange Police Department for the Town of Orange in the State of Connecticut with an official address of 314 Lambert Rd, Orange, CT, 06477.

26. Defendant Assistant Clerk Dylan Wingard, *Official and individual capacities*, is the Assistant Clerk for the New Haven Superior Court with an official address of 235 Church Street, New Haven, CT, 06510.

27. Defendant Assistant States Attorney Laura DeLeo, *Official and individual capacities*, is a state's attorney for the Derby GA5 court in Derby, CT, with an official address of 106 Elizabeth Street, Derby, CT, 06418.

28. Defendant States Attorney Margaret E. Kelley, *Official and individual capacities*, is a States Attorney for the State of Connecticut Ansonia-Milford Criminal Division and has an official address of 14 West River Street, Milford, CT, 06460.

29. Defendant Office of the States Attorney Judicial District of Ansonia-Milford is a branch of the State of Connecticut Judicial System located at 14 West River Street, Milford, CT, 06460.

30. Defendant Supervisory Assistant States Attorney Rebecca Barry, *Official and individual capacities*, is a state's attorney for the Derby GA5 court in Derby, CT, with an official address of 106 Elizabeth Street, Derby, CT, 06320.

31. Defendant Barbara Bellucci, *Official and individual capacities*, is the Family Violence Victim Advocate at the Derby Superior Court GA5 for the Umbrella Center for Domestic Violence Services—A program of BHcare, with an official address of 106 Elizabeth Street, Derby, CT, 06320.

32. Defendant Basil R.A. Mahoney, *Official and individual capacities*, is a public member of the Judicial Review Council for the State of Connecticut, with an official address of 505 Hudson Street #5, Hartford, CT, 06106.

33. Defendant Benjamin Abrams, *Official and individual capacities*, is the Assistant Attorney General at the Office of the Attorney General for the State of Connecticut, with an official address of 165 Capitol Avenue, Hartford, CT, 06106.

34. Defendant Benjamin Gettinger, *Official and individual capacities*, is an Executive Committee Officer for the New Haven County Bar Association, with an official address of 900 Chapel St #10, New Haven, CT, 06510.

35. Defendant Betsy Keller, *Official and individual capacities,* is the founder of Connecticut Protective Moms, a 501(c) (3) non-profit organization registered in the State of Connecticut at 2389 Main Street, Suite 100, Glastonbury, CT, 06033.

36. Defendant BHcare Inc. is a non-profit 501(c)(3) tax exempt organization in the State of Connecticut that identifies as a Certified Community Behavior Health Clinic. They cite their mission as being "to improve community health and quality of life of individuals by providing mental health, addiction, and domestic violence services. The official address is listed as 127 Washington Avenue, North Haven, CT, 06473.

37. Defendant BHcare Foundation Inc. is a non-profit 501(c)(3) tax exempt organization in the State of Connecticut that identifies as a Certified Community Behavior Health Clinic. They cite their mission as being "fundraising to provide support to BHcare, Inc. which is a 501(c)(3) organization whose mission is to improve community health and quality of life of individuals by providing mental health addiction and domestic violence services." The official address is listed as 127 Washington Avenue, North Haven, CT, 06473.

38. Defendant Blake Sullivan, *Official and individual capacities*, is the Assistant Attorney General at the Office of the Attorney General for the State of Connecticut, with an official address of 165 Capitol Avenue, Hartford, CT, 06106.

39. Defendant Brad Saxton, *Official and individual capacities*, is an Executive Committee Officer for the New Haven County Bar Association, with an official address of 900 Chapel St #10, New Haven, CT, 06510.

40. Defendant Bruce Martin is a resident of the State of Connecticut and is domiciled at 14 Woodbury Court, Wolcott, CT, 06716.

41. Defendant Bunny Village Learning Center LLC is a childcare center located at 41 Village Ln., Ste. 101-103, Bethany, CT, 06454.

42. Defendant Carla Smith Stover, Ph.D., *Official and individual capacities*, is a Professor and Licensed Clinical Psychologist employed at the Yale University Child Study Center at 230 S. Frontage Rd, New Haven, CT, 06520.

43. Defendant Carrie Brickhouse, Director of Heavenly Gift LLC, *Official and individual capacities*, is the Director working at Heavenly Gift Childcare Center LLC at 14 Park Street #106, Thomaston, CT, 06787.

44. Defendant Casey Brinkman, *Official and individual capacities*, is an executive member of Connecticut Protective Moms and is a registered respiratory therapist at Yale New Haven Hospital with a listed address of 33 Madison Street, East Hartford, CT, 06118.

45. Defendant Cat Itaya, *Official and individual capacities*, runs the Federal Pro Se Legal Assistance Program for New Haven Legal Assistance Association Inc, with an official address of 205 Orange Street, New Haven, CT, 06510.

46. Defendant Center for Children's Advocacy Inc. is a nonprofit law firm located in Connecticut

which identifies themselves as "fight[ing] for the legal rights of Connecticut's most vulnerable children." They are a 501(c)(3) tax-exempt corporation that has a mission stated as being to "promote the legal rights and interests of poor children who are dependent for their care upon Connecticut's judicial, child welfare, health, mental health, education, and juvenile systems. They have an official address of 65 Elizabeth Street, Hartford, CT, 06105.

47. Defendant Charles & Boni-Vendola, LLC is a law firm registered in the state of Connecticut with a registered address of 31 Broadway, North Haven, CT, 06473.

48. Defendant Chris R. Nelson, *Official and individual capacities*, is an executive committee member of the New Haven County Bar Association, with an official address of 900 Chapel St #10, New Haven, CT, 06510.

49. Defendant Christina Doe, *Official and individual capacities*, is a clerk from the New Haven Superior Court Clerk's Office at 235 Church st, New Haven, CT, 06510.

50. Defendant Christopher Ganim is the brother-in-law of the plaintiff and is a resident of the Town of Orange in New Haven County in the State of Connecticut with an address of 314 Demarest Drive, Orange, CT, 06477.

51. Defendant Christopher Katagis is the son of the Defendant Diamanto Antonellis and a resident of the State of Connecticut residing at 21 Burma road, Woodbridge, CT, 06525.

52. Defendant City of New Haven is a City located in the State of Connecticut, with an official address of 165 Church Street, New Haven, CT, 06510.

53. Defendant City of Waterbury is a City located in the State of Connecticut, with an official address of 235 Grand Street, Waterbury, CT, 06702.

54. Defendant Supervisory Assistant State's Attorney Colleen V. Zingaro, *Official and individual capacities*, is the Supervisory Assistant State's Attorney for Violent Crimes/Special Victims Unit,

with an official address of 1061 Main street, Fairfield, CT, 06604.

55. Defendant Connecticut Alliance to End Sexual Violence Inc. is a nonprofit 501(c)(3) tax exempt corporation organized in the State of Connecticut with a registered address of 96 Pitkin Street, East Hartford, CT, 06108.

56. Defendant Association of Court Security Officers-Connecticut is a nonprofit 501(c)(3) tax exempt corporation organized in the state of Connecticut with an official address of 141 Church Street, New Haven, CT, 06510.

57. Defendant Connecticut Coalition Against Domestic Violence is a nonprofit 501(c)(3) tax exempt corporation organized in the state of Connecticut with an official address of 655 Winding Brook Drive, Suite 4050, Glastonbury, CT, 06033.

58. Defendant Connecticut Department of Public Safety is a branch of the State of Connecticut, with an official address at Washington Building, Middletown, CT, 06457.

59. Defendant Access Health International Inc is a 501(c)(3) tax exempt corporation organized in the State of New York that administers the State of Connecticut Husky Health program and acts as a branch of the State of Connecticut Department of Social Services. The official address is 1016 Fifth Avenue No 11A C, New York, NY, 10028.

60. Defendant Jeffrey S. Lehman is on the board of directors for Access Health International Inc, with an official address is 1016 Fifth Avenue No 11A C, New York, NY, 10028.

61. Defendant Connecticut Judicial Branch Centralized ADA Office is a branch of the State of Connecticut Judicial System, with an official address of 90 Washington Street, Hartford, CT, 06106.

62. Defendant Connecticut Judicial Review Council is a self-governing administrative body in the State of Connecticut, with an official address of 505 Hudson St, #5, Hartford, CT, 06106.

63. Defendant Connecticut Department of Emergency Services and Public Protection is a branch of the state of Connecticut, with an official address at Washington Building, Middletown, CT, 06457.

64. Defendant Connecticut Legal Services Inc. is a non-profit 501(c)(3) tax exempt corporation that acts as a legal aid agency in the State of Connecticut, with an official address of 62 Washington Street, 4th Floor, Middletown, CT, 06457.

65. Defendant Connecticut Office of Victim Advocate is an administrative branch of the State of Connecticut with an office address of 505 Hudson Street, Hartford, CT, 06106.

66. Defendant Connecticut Office of Victim Services is an oversight agency that is an administrative office in the State of Connecticut, with an office address of 225 Spring Street, 4th Floor, Wethersfield, CT, 06109.

67. Defendant Connecticut Protective Moms Inc. is a 501(c)(3) non-profit organization located in the State of Connecticut at 2389 Main Street, Suite 100, Glastonbury, CT, 06033.

68. Defendant Connecticut State Child Support Enforcement Services is an administrative agency that is under the Connecticut Department of Social Services with an office address of P.O. Box 990036, Hartford, CT, 06199-0036.

69. Defendant Connecticut State Department of Children and Families is an administrative agency for the State of Connecticut and is a child protection agency with an office address of 506 Hudson Street, Hartford, CT, 06106.

70. Defendant Connecticut State Department of Social Services is a welfare benefit agency for the State of Connecticut, located at 3580 main street, Hartford, CT, 06120.

71. Defendant Connecticut State Division of Criminal Justice is a division of the criminal sector of the State of Connecticut Judicial Branch, located at 300 Corporate Place, Rocky Hill, Connecticut, 06067.

72. Defendant Connecticut State Police Troop I Bethany is a branch of the Connecticut State Police for the State of Connecticut, located at 631 Amity Rd, Bethany, CT, 06524.

73. Defendant Connecticut Women's Education and Legal Fund is a non-profit organization located in the State of Connecticut with an address of PO Box 320460, Hartford, CT, 06132.

74. Defendant Conor Duffy, *Official and individual capacities*, is a member of the Executive Committee of the New Haven County Bar Association. The registered address is listed as 900 Chapel St #10, New Haven, CT, 06510.

75. Defendant Cris Doe, *Official and individual capacities*, is a phone operator for Safe Haven of Waterbury Inc. and covers the 24/7 hotline. The address is listed as 29 Central Ave, Waterbury, CT, 06702.

76. Defendant Magistrate Cynthia Anger, *Official and individual capacities*, is a small claims magistrate for the Ansonia-Milford JD handling small claims matters in Milford Superior Court, with an address of 14 West River street, Milford, CT, 06460.

77. Defendant Daniel Burns, *Official and individual capacities*, is a member of the New Haven Legal Assistance Association, Inc. with an official address of 205 Orange Street, New Haven, CT, 06510.

78. Defendant Lisa Zappone, *Official and individual capacities*, is an employee of the Family Relations Division for the Family branch of the New Haven Superior Court at 235 Church st, New Haven, CT, 06510.

79. Defendant Dennis Reilly, *Official and individual capacities*, is an employee of the Family Relations Division for the Family branch of the New Haven Superior Court at 235 Church st, New Haven, CT, 06510.

80. Defendant Diamanto Antonellis *Official and individual capacities* is the biological mother of the defendants Christopher Katagis, Irene Antar, and Anastasia Ganim as well as of the plaintiff. Her

address is 21 Burma Road, Woodbridge, CT, 06525.

81. Defendant Dispatcher Whitham #206 of OPD, *Official and individual capacities*, is a dispatcher employed with the Town of Orange Police Department, with an official address of 314 Lambert Rd, Orange, CT, 06477.

82. Defendant Donald Cretella, Esq.*, Official and individual capacities,* is an attorney at Zingaro, Cretella, and Rasile LLC and an adjunct professor at Quinnipiac University School of Law, with an official address of 681 State Street, New Haven, CT, 06511

83. Defendant Donna Dicosmo, *Official and individual capacities,* is a business partner and investor in the Defendant Whole House Remodeling Company LLC and of the Defendant Matthew J. Lodice and resides at 55 Quarry Hill road, Waterbury, CT, 06706.

84. Defendant Dr. Anthony Campagna, *Official and individual capacitie,* is a mental health professional who regularly conducts business with the State of Connecticut Judicial Branch, with a listed address of 1844 Whitney Ave, 2nd Floor, Hamden, CT, 06517.

85. Defendant Dr. Eric Frazer*, Official and individual capacities,* is a mental health professional who regularly conducts business with the State of Connecticut Judicial Branch. He is an employee of Yale School of Medicine with an address as 333 Cedar Street, New Haven, CT, 06510.

86. Defendant Dr. Kimberly Citron, PH.D., *Official and individual capacities*, is a mental health professional who regularly conducts business with the State of Connecticut Judicial Branch. Her listed address is 396 Main Street, Cheshire, CT, 06410.

87. Defendant Dr. Robert Horowitz, *Official and individual capacities,* is a mental health professional who regularly conducts business with the State of Connecticut Judicial Branch and a board member of the Connecticut Council for Non-adversarial Divorce located at 258 Bradley Street, New Haven, CT, 06510.

88. Defendant Dr. Wendy Levy PsyD, is a mental health professional who regularly conducts business with the State of Connecticut Judicial Branch with an address at 1465 Post Road East, in Westport, CT, 06880.

89. Defendant Officer E. Aviles of New Haven Police Department Badge # 263, *Official and individual capacities*, is a police officer for the New Haven Police Department and employee of the City of New Haven, Connecticut at 1 Union Avenue, New Haven, CT, 06511.

90. Defendant Elizabeth Protzman, *Official and individual capacities*, is the Director of Communications and Nonprofit development at Onyx Elite Consulting Services, the Director of Communications at Winning Ways, Inc. of Connecticut, and a Business Consultant for Smith PR Company located at 279 North Main street, Branford, CT, 06405.

91. Defendant Elwyn Brewster Quirk, *Official and individual capacities*, is a member of the Executive Committee of the New Haven County Bar Association, with an address of  900 Chapel St #10, New Haven, CT, 06510.

92. Defendant Erin Krygier, *Official and individual capacities*, is the caseflow coordinator assigned to the New Haven Superior Court at 235 Church street, New Haven, CT handling family caseflow requests with an address of 235 Church street, New Haven, CT, 06510.

93. Defendant Eugene Zingaro, Esq. is the partner of Donald Cretella, Esq. at Zingaro, Cretella, and Rasile LLC, with a registered address of 681 State Street, New Haven, CT, 06511.

94. Defendant Gabriel Mina is a sub-contractor employed by Whole House Remodeling Company LLC working under the supervision and direction of Defendant Matthew J. Lodice, with an address at 57 Westport drive, Waterbury, CT, 06706.

95. Defendant Ganim Legal LLC is a law firm located at 2370 Park Ave, Bridgeport, CT, 06604.

96. Defendant Gerald Viglione Jr. is the father of plaintiff's minor daughter J.V. and resides at 118

Irvington st, New Haven, CT, 06513.

97. Defendant Gina Killian, *Official and individual capacities*, is a clerk at the New Haven Superior Court clerks office located at 235 Church st, New Haven, CT, 06510.

98. Defendant Governor Ned Lamont, *Official and individual capacities*, is the Governor of the State of Connecticut, with an address at 210 Capital Ave, Hartford, CT, 06106.

99. Defendant Gregory Gallo, Esq., is a partner at Pellegrino & Pellegrino LLC and an attorney in the State of Connecticut. He is also the ex-brother-in-law and former landlord/business partner of the Defendant Matthew Lodice and has contracted several jobs through defendant Whole House Remodeling LLC with an address at 475 Whitney Ave, New Haven, CT, 06511.

100.    Defendant Happy Even After Family Law LLC is a family law firm located at 2531 Whitney Ave, Hamden, CT, 06518.

101.    Defendant Healing Springs Wellness Center LLC is a mental health treatment provider located at 1006 S. Main St, suite 4, Plantsville, CT, 06479.

102.    Defendant Heather Collins, *Official and individual capacities*, is the Court Planner II for the Centralized ADA Office for the State of Connecticut with an office at 90 Washington Street, 3rd floor, Hartford, CT.

103.    Defendant Heavenly Gift Childcare Center LLC is a childcare center located at 14 Park st, #106, Thomaston, CT.

104.    Defendant Honorable Arthur Hiller, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch who is in the Ansonia-Milford JD at 14 West River st, Milford, CT, 06460.

105.    Defendant Honorable Cherie Phoenix-Sharpe, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch who is in the Ansonia-Milford JD, at 14

West River st, Milford, CT, 06460.

106.     Defendant Honorable Christine P. Rapillo, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch who is in the New Britain JD ,at 20 Franklin Square, New Britain, CT, 06053.

107.     Defendant Honorable Christopher Griffin, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch who is in the New Haven JD at 235 Church street, New Haven, CT, 06511.

108.     Defendant Honorable Dawne G. Westbrook, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch at 14 West River st, Milford, CT, 06460.

109.     Defendant Honorable Edward Graziani, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch at 14 West River st, Milford, CT, 06460.

110.     Defendant Honorable Erika Monique Tindill, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch who is in the Ansonia-Milford JD at at 14 West River st, Milford, CT, 06460.

111.     Defendant Honorable James Abrams, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch at 14 West River st, Milford, CT, 06460.

112.     Defendant Honorable James Kenefick, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch at 235 Church street, New Haven, CT, 06510.

113.     Defendant Honorable Jon M. Alander, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch who is in the New Haven JD at 235 Church street, New Haven, CT, 06510.

114.     Defendant Honorable Kevin Randolph, *Official and individual capacities*, is a judge

employed by the State of Connecticut Judicial Branch at 235 Church street, New Haven, CT, 06510.

115.    Defendant Honorable Margarita H. Moore, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch who is in the Ansonia-Milford JD at 14 West River street, Milford, CT, 06460.

116.    Defendant Honorable Mark T. Gould, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch who is in the New Haven JD at 235 Church street, New Haven, CT, 06510.

117.    Defendant Honorable Matthew P. Vaccarelli, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch in the probate district of Waterbury, Connecticut with an address at 65 Center street, Waterbury, CT, 06702.

118.    Defendant Honorable Maureen Price-Boreland, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch who is in the Meriden JD at 54 West Main street, Meriden, CT, 06451.

119.    Defendant Honorable Michael Kamp, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch who is in the New Haven JD at 235 Church street, New Haven, CT, 06510.

120.    Defendant Honorable Peter Brown, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch who is in the Ansonia-Milford JD at 14 West River street, Milford, CT, 06460.

121.    Defendant Honorable Scott Jones, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch who is in the Ansonia-Milford JD at 14 West River street, Milford, CT, 06460.

122.    Defendant Honorable Tammy Geathers, *Official and individual capacities*, is a judge employed by the State of Connecticut Judicial Branch at 14 West River street, Milford, CT, 06460.

123.    Defendant Howard Levine, *Official and individual capacities*, is a member of the executive committee of the New Haven County Bar Association, with an address of 900 Chapel St #10, New Haven, CT, 06510.

124.    Defendant Irene Antar, O.D. , *Official and individual capacities*, is an optometrist domiciled in the state of Connecticut living at 21 Burma rd., Woodbridge, CT, 06525.

125.    Defendant James Henke, *Official and individual capacities*, is a member of the executive committee of the New Haven County Bar Association, with an address of 900 Chapel St #10, New Haven, CT, 06510.

126.    Defendant James Lambo, *Official and individual capacities*, is a former employee of the Connecticut Department of Correction and former customer of Defendant Whole House Remodeling Company LLC and best friend of Defendant Matthew Lodice with an address of 54 Joy Road, Middlebury, CT, 06762.

127.    Defendant James Zeoli, *Official and individual capacities*, is the First Selectman for the Town of Orange, with an address of 617 Orange Center Rd, Orange, CT, 06477.

128.    Defendant Jamie Hobart Lambo, *Official and individual capacities*, is a state marshal for the State of Connecticut, a former Waterbury Police Department officer, former Connecticut Joint Public Safety and Security Committee Clerk, former Committee Clerk for the State of Connecticut Senate Democrats, and is the husband of the best friend of Defendant Matthew J. Lodice, with an address of 46 Pine street, Watertown, CT, 06795.

129.    Defendant Jane Adamik, *Official and individual capacities*, is a Child Advocate at the Umbrella Center for Domestic Violence Services of BHcare.

130.       HON. JON M. ALANDER, *Official and individual capacities,* OFFICER MORTALLI OF THE HAMDEN POLICE DEPARTMENT, *Official and individual capacities,* SEVERAL OTHER JANE DOE AND JOHN DOE OFFICERS FROM THE HAMDEN POLICE DEPARTMENT, *Official and individual capacities,*

131.       Defendant Janet Ortiz, *Official and individual capacities*, is the office manager for the Center for Children's Advocacy.

132.       Defendant Magistrate Judge Jennifer Aguilar, *Official and individual capacities*, is a magistrate judge working for the State of Connecticut Judicial System.

133.       Defendant Jennifer Gallo Lodice is the sister-in-law of Defendant Matthew J. Lodice and the sister of Defendant Greg Gallo.

134.       Defendant Jessica Mayo, Ph.D, *Official and individual capacities*, is the Assistant Professor of Clinical Child Psychology and Licensed Psychologist at the Yale Child Study Center.

135.       Defendant Jessica Strusky*, Official and individual capacities*, is the daughter of Defendants Karen Bowers and Roy Bowers and a resident of Connecticut residing at 100 Salem Rd, Prospect, CT. She is also an optometric assistant at Dr. Deluca Dr. Marciano and Associates in Prospect, Connecticut.

136.       Defendant Jia Luo, *Official and individual capacities*, is a member of the Judicial Review Council for the State of Connecticut.

137.       Defendant Joaquina Borges King, Esq., *Official and individual capacities*, is an attorney licensed to practice law in the State of Connecticut and a member of the Judicial Review Council.

138.       Defendant John Parese, *Official and individual capacities*, is a member of the executive committee of the New Haven County Bar Association.

139.       Defendant Joseph DeCicco, Esq., *Official and individual capacities*, is an attorney licensed

to practice law in the state of Connecticut and was appointed as the court-appointed counsel for plaintiff's minor child A.L. for a termination of parental rights proceeding against the Defendant Matthew J. Lodice.

140.　　Defendant Joseph M. Porto, *Official and individual capacities*, is a member of the executive committee of the New Haven County Bar Association.

141.　　Defendant Joseph Merschman, *Official and individual capacities*, is a member of the executive committee of the New Haven County Bar Association.

142.　　Defendant Josh Lambo, *Official and individual capacities*, is the Godfather of the minor child A.L. and the best friend of the Defendant Matthew J. Lodice and the husband of Defendant Jamie Hobart Lambo and the brother of Defendant James Lambo. He is also an employee of the State of Connecticut Department of Corrections employed as a Correctional Officer.

143.　　Defendant Judicial Marshal Andrews, New Haven Superior Court, *Official and individual capacities*, is a judicial marshal employed by the State of Connecticut working at 235 Church street, New Haven, CT.

144.　　Defendant Judicial Marshal Hayden, Badge #567 of the New Haven Superior Court, *Official and individual capacities*, is a judicial marshal employed by the State of Connecticut working at 235 Church street, New Haven, CT.

145.　　Defendant Judicial Marshal Runlett, New Haven Superior Court, *Official and individual capacities*, is a judicial marshal employed by the State of Connecticut working at 235 Church street, New Haven, CT.

146.　　Defendant Justin Attai, *Official and individual capacities*, is a legal assistant and employee of Ganim Legal, LLC.

147.　　Defendant Karen Bowers, *Official and individual capacities*, is the biological mother of

the Defendant Matthew J. Lodice and resides at 48 Quarry Hill rd., Waterbury, CT, 06706.

148.       Defendant Katherine Verano, *Official and individual capacities*, is the CEO of Safe Futures, Inc. and is also a public member of the State of Connecticut Judicial Review Council, at 505 Hudson street, #5, Hartford, CT, 06106.

149.       Defendant Safe Futures Inc. is a non-profit organization registered in the State of Connecticut at 16 Jay Street, New London, CT, that receives contracts from the State of Connecticut Department of Social Services. Located at16 Jay Street, New London, CT, 06320.

150.       Defendant Kevin Dunn, Esq. , *Official and individual capacities*, is the Executive Director of the Judicial Review Council for the State of Connecticut, at 505 Hudson street, #5, Hartford, CT, 06106.

151.       Defendant Klingberg Family Center, Inc. is located at 370 Linwood street, #1949, New Britain, CT, 06052.

152.       JOHN CARANGELO, *Official and individual capacities*, 617 Orange Center Rd, Orange, CT, 06477.

153.       PJ SHANLEY, *Official and individual capacities*, 617 Orange Center Rd, Orange, CT, 06477.

154.       MITCHELL R. GOLDBLATT, *Official and individual capacities*, 617 Orange Center Rd, Orange, CT, 06477.

155.       RALPH OKENQUIST, *Official and individual capacities*, 617 Orange Center Rd, Orange, CT, 06477.

156.       JUDY W. WILLIAMS, *Official and individual capacities*, 617 Orange Center Rd, Orange, CT, 06477.

157.       TOWN OF ORANGE CONNECTICUT BOARD OF SELECTMEN, 617 Orange Center

Rd, Orange, CT, 06477.

158.    TOWN OF ORANGE BOARD OF POLICE COMMISSIONERS, 617 Orange Center Rd, Orange, CT, 06477.

159.    TOWN OF ORANGE BOARD OF POLICE COMMISSIONER CHAIRMAN JACK BARTON, *Official and individual capacities,* 617 Orange Center Rd, Orange, CT, 06477.

160.    MARIAN HURLEY, *Official and individual capacities,* 617 Orange Center Rd, Orange, CT, 06477.

161.    ROY CUZZOCREO, *Official and individual capacities,* 617 Orange Center Rd, Orange, CT, 06477.

162.    NYJAHWAHN WALKER, *Official and individual capacities,* 617 Orange Center Rd, Orange, CT, 06477.

163.    CHRISTOPHER CARVETH, *Official and individual capacities,* 617 Orange Center Rd, Orange, CT, 06477.

164.    Defendant Kristianna Tyler, *Official and individual capacities*, 617 Orange Center Rd, Orange, CT, 06477.

165.    Defendant Kristin Wolf, is a member of the executive committee of the New Haven County Bar Association with an address of 900 Chapel St #10, New Haven, CT, 06510.

166.    Defendant Lancia Blatchley, *Official and individual capacities*, is a mental health treatment provider employed at Healing Springs Wellness LLC and a resident of the state of Connecticut. She is also the Domestic Violence Program Coordinator for LifeBridge Community Services, with an adderss of 1006 South Main st, Suite 4, Plantsville, CT, 06479.

167.    Defendant Larae Plummer, *Official and individual capacities*, is a social worker working for the Department of Children and Families Milford Office, at 38 Welligton rd, Milford, CT,

06460.

168.    Defendant Leonard Rodriguez, *Official and individual capacities*, is an executive committee member for the New Haven County Bar Association, with an address of 900 Chapel St #10, New Haven, CT, 06510.

169.    Defendant Lieutenant Anderson of the Orange Police Department, *Official and individual capacities*, is a lieutenant employed at the Orange Police Department located at 314 Lambert road, Orange, CT, 06477.

170.    Defendant Lieutenant Benjamin Borelli of the Connecticut State Police Troop I in Bethany, *Official and individual capacities*, is a lieutenant employed with the Connecticut State Police Troop I of Bethany, CT, 06524.

171.    Defendant Lieutenant DeRubeis of the Orange Police Department, *Official and individual capacities*, is a lieutenant employed with the Orange Police Department., with an official address of 314 Lambert Rd, Orange, CT, 06477.

172.    Defendant Lieutenant John Prisavage of the New Britain Police Department, *Official and individual capacities*, is a lieutenant employed with the New Britain Police Department. Located at 10 Chestnut Street, New Britain, CT, 06051.

173.    Defendant Lieutenant Judicial Marshal Dadio, Badge #113 of the New Haven Superior Court, *Official and individual capacities*, is a judicial marshal employed with the New Haven Superior Court at 235 Church st, New Haven, CT, 06510.

174.    Defendant Lisa B. Giliberto, Esq., *Official and individual capacities*, is the former counsel of the Defendant Elizabeth Protzman, an employee of The Victim Rights Center of Connecticut Team, and the Children's Law Center of Connecticut with an address of 8 Research Parkway, Wallingford, CT, 06492.

175.     Defendant Detective Lisa R. Steeves of the New Britain Police Department, *Official and individual capacities*, located at 10 Chestnut Street, New Britain, CT, 06051.

176.     Defendant Lizzy Cretella, *Official and individual capacities*,

177.     Defendant Mayor Joe Ganim, *Official and individual capacities*,

178.     Defendant Lori Doe, Clerk from New Haven Superior Court, *Official and individual capacities*, at 235 Church st, New Haven, CT, 06510

179.     Defendant Lori Semrau, Esq., *Official and individual capacities*, is located at 14 West River st, Milford, CT, 06460.

180.     Defendant Louis A. Annecchino, *Official and individual capacities*,

181.     Defendant Luz Santana, *Official and individual capacities*,

182.     Defendant Lynda Sorensen, *Official and individual capacities*,

183.     Defendant Makana Ellis, *Official and individual capacities*,

184.     Defendant Maressa Latoracca, *Official and individual capacities*,

185.     Defendant Margaret Penny Mason, *Official and individual capacities*,

186.     Defendant Margot Kenefick Burkle, Esq., *Official and individual capacities*,

187.     Defendant Mark D. Phillips, Esq., *Official and individual capacities*,

188.     Defendant Mark Wachter

189.     Defendant Martha Weiler, Esq, *Official and individual capacities*,

190.     Defendant Mary Kozicki, *Official and individual capacities*,

191.     Defendant Mary-Ann Charles, Esq., *Official and individual capacities*,

192.     Defendant Matthew J. Lodice, *Official and individual capacities*,

193.     Defendant Matthew J. Lodice, on behalf of his minor child D.L., *Official and individual capacities*,

194.     Defendant Matthew J. Lodice, on behalf of his minor child S.L., *Official and individual capacities,*

195.     Defendant Maura Mastrony, *Official and individual capacities,*

196.     Defendant Meghan C. McGrath, *Official and individual capacities,*

197.     Defendant Melissa Swan, *Official and individual capacities,*

198.     Defendant Meredith McGloin, *Official and individual capacities,*

199.     Defendant Merit Lajoie, *Official and individual capacities,*

200.     Defendant Michael Hillis, Esq, *Official and individual capacities,*

201.     Defendant Michelle M. Murphy *Official and individual capacities,*

202.     Defendant Milford Superior Court Clerk Laura, *Official and individual capacities,* is a clerk employed at the Milford Superior Court at 14 West River st, Milford, CT.

203.     Defendant Monica Cloud Rogers, *Official and individual capacities,*

204.     Defendant Monica Perez, *Official and individual capacities,*

205.     Defendant Nancy Doe, Clerk from New Haven Superior Court, *Official and individual capacities,*

206.     Defendant Nancy Sasser, *Official and individual capacities,*

207.     Defendant Nancy Valentino, *Official and individual capacities,*

208.     Defendant Natalie Caban, *Official and individual capacities,*

209.     Defendant New Britain Police Department, Located at 10 Chestnut Street, New Britain, CT, 06051.

210.     Defendant New Haven Child Support Enforcement Services

211.     Defendant New Haven County Bar Association

212.     Defendant New Haven Legal Assistance Association Inc.

213.     Defendant New Haven Police Department is a police department located at 1 Union Ave, New Haven, CT, 06511.

214.     Defendant Nicole Tung, *Official and individual capacities*,

215.     Defendant Numerous Jane Doe and John Doe Dispatch and police officers from Connecticut State Police Troop I in Bethany, CT, located at 631 Amity Rd, Bethany, CT, 06524.

216.     Defendant Numerous Jane Doe and John Doe Dispatch and police officers from The New Britain Police Department, located at 10 Chestnut street, New Britain, CT, 06051.

217.     Defendant Numerous Jane Doe and John Doe Dispatch and police officers from The Orange Department, with an official address of 314 Lambert Rd, Orange, CT, 06477.

218.     Defendant Office of Victim Compensation

219.     Defendant Office of Victim Services Training

220.     Defendant Officer Aliza Esposito of the Orange Police Department, with an official address of 314 Lambert Rd, Orange, CT, 06477.

221.     Defendant Officer Andrew Satkowski of the Orange Police Department, with an official address of 314 Lambert Rd, Orange, CT, 06477.

222.     Defendant Officer Artabane of the Orange Police Department, with an official address of 314 Lambert Rd, Orange, CT, 06477.

223.     Defendant Officer Bailey of the Orange Police Department, with an official address of 314 Lambert Rd, Orange, CT, 06477.

224.     Defendant Officer Jeffrey Fernandes of the Orange Police Department, *Official and individual capacities*,  with an official address of 314 Lambert Rd, Orange, CT, 06477.

225.     Defendant Officer John Lane of the Orange Police Department, *Official and individual capacities*, with an official address of 314 Lambert Rd, Orange, CT, 06477.

226.       Defendant Officer Justiano Nieves of the New Haven Police Department Badge # 22, *Official and individual capacities*, located at 1 Union Ave, New Haven CT, 06510.

227.       Defendant Officer Kurt Correia #132 of the Orange Police Department, *Official and individual capacities*, with an official address of 314 Lambert Rd, Orange, CT, 06477.

228.       Defendant Officer Padro of the Waterbury Police Department, *Official and individual capacities*, located at 255 East Main Street, Waterbury, CT, 06706.

229.       Defendant Officer Piscitelli of the Orange Police Department, *Official and individual capacities*, with an official address of 314 Lambert Rd, Orange, CT, 06477.

230.       Defendant Officer Repice of the Orange Police Department, *Official and individual capacities*, with an official address of 314 Lambert Rd, Orange, CT, 06477.

231.       Defendant Officer Ristiano of the Orange Police Department, *Official and individual capacities*, with an official address of 314 Lambert Rd, Orange, CT, 06477.

232.       Defendant Officer J. Seeger of the Waterbury Police Department, *Official and individual capacities*, located at 255 East Main Street, Waterbury, CT, 06706.

233.       Defendant Officer Taylor of the Orange Police Department, *Official and individual capacities*, with an official address of 314 Lambert Rd, Orange, CT, 06477.

234.       Defendant Officer Yelenik of the Orange Police Department, *Official and individual capacities*, with an official address of 314 Lambert Rd, Orange, CT, 06477.

235.       Defendant Dean Paul Chill, *Official and individual capacities,* located at 55 Elizabeth Street, Hartford, CT, 06105.

236.       Defendant Bruce Freedman, *Official and individual capacities*

237.       Defendant Paul Ganim, *Official and individual capacities,*

238.       Defendant Paul Lodice Jr. is the biological son of Defendants Paul Lodice Sr. and Karen

Bowers and the brother-in-law of Defendant Greg Gallo and the ex-husband of the Defendant Jennifer Gallo Lodice. He is also the brother of Defendants Matthew J. Lodice and Scott Lodice.

239.     Defendant Paul Lodice Sr., *Official and individual capacities,* is the father of defendant Lodice and former firefighter for the Monroe Fire Department with an address of 9 Lazy Brook road, Shelton, CT, 06484.

240.     Defendant Preferred Pediatrics LLC is a pediatrician office located at 88 Noble Ave, #101, Milford, CT, 06460.

241.     Defendant Valentine Restrepo, *Official and individual capacities*, is an employee of Preferred Pediatrics LLC, located at 88 Noble Ave, #101, Milford, CT, 06460.

242.     KELLI DALY RN, *Official and individual capacities*, DIANA LOPUSNY MD, *Official and individual capacities*, ALLISON PEARSON FNP, *Official and individual capacities*,

243.     Defendant Quinnipiac University is a private undergraduate university in the state of Connecticut located at 275 Mount Carmel Ave, Hamden, CT, 06518.

244.     Defendant Quinnipiac University School of Law is a private law school in the state of Connecticut located at 370 Bassett Rd, North. Haven, CT, 06473.

245.     Defendant Rachel Reeves, *Official and individual capacities,* is the Director of Field Placement and Pro Bono Programs and Assistant Clinical Professor of Law at the University of Connecticut School of Law with a listed address of 55 Elizabeth street, Hartford, CT, 06105.

246.     Defendant Randi Calabrese, Esq., *Official and individual capacities,* is a member attorney at the Connecticut Bar Association with a listed address of 126 Bradley Rd, Ste. 1, Madison, CT, 06443.

247.     Defendant Raneil Smith, Esq., *Official and individual capacities,* is an employee at Miller, Rosnick, D'Amico, August, & Butler PC with an address of 1087 Broad Street, Bridgeport, CT,

06604.

248.    Defendant Rape Crisis Center of Milford Inc. is an organization located at 70 West River street, Milford, CT, 06460.

249.    Defendant Renee Casey MD, *Official and individual capacities,* is a pediatrician located at 88 Noble Ave, #101, Milford, CT, 06460.

250.    Defendant Renew Your Mind LLC is a mental health service provider with an address at 21W W. Main Street, 4th Floor, Waterbury, CT, 06702.

251.    Defendant Isamel Bodden, Administrative Associate II, of the Waterbury Police Department, *Official and individual capacities,* is located at 255 East Main street, Waterbury, CT, 06706.

252.    Defendant Connecticut State House Representative Mary Welander, *Official and individual capacities,* located at Legislative Office Building Room 4000, Hartford, CT, 06106-1591.

253.    Defendant Chief of Police of the Orange Police Department Robert J. Gagne, *Official and individual capacities,* with an official address of 314 Lambert Rd, Orange, CT, 06477.

254.    Defendant Robert McConnell, *Official and individual capacities,* is a social worker for the Waterbury Department of Children and Families located at 395 West Main Street, Waterbury, CT, 06702.

255.    Defendant Roy Bowers, *Official and individual capacities,* is located at 48 Quarry Hill Rd, Waterbury, CT, 06706.

256.    Defendant Safe Haven of Greater Waterbury Inc. is a non-profit organization in Connecticut with an address is listed as 29 Central Ave, Waterbury, CT, 06702.

257.    Defendant Sandra Lugo Gines, *Official and individual capacities,* is the Chair of the

Americans with Disabilities Committee of the Connecticut Judicial Branch with an address of 90 Washington Street, Hartford, CT, 06106.

258.     Defendant Sarah Hanna, *Official and individual capacities,* is an appellate clerk working at the Connecticut Appellate Court Clerk's Office with an address of 231 Capitol Avenue, Hartford, CT, 06106.

259.     Defendant Scott Lodice, *Official and individual capacities,* is a resident of Connecticut located at 59 Cliff street, 2nd floor, Shelton, CT, 06484.

260.     Defendant Scott Lodice, on behalf of his minor child T.L., *Official and individual capacities,* located at 59 Cliff street, 2nd floor, Shelton, CT, 06484.

261.     Defendant Sean McElligott, *Official and individual capacities,* is an executive member of the New Haven County Bar Association with an address of  900 Chapel St #10, New Haven, CT, 06510.

262.     Defendant Connecticut State Senator James Maroney, *Official and individual capacities,* located at 22 Saranac Road, Milford, CT, 06460.

263.     Defendant Sergeant Bartley of the Orange Police Department, *Official and individual capacities,*  with an official address of 314 Lambert Rd, Orange, CT, 06477.

264.     Defendant Sergeant Jared Barselau of the New Britain Police Department, *Official and individual capacities,* located at 10 Chestnut street, New Britain, CT, 06051.

265.     Defendant Sergeant Joel Portorreal of the Connecticut State Police Troop I in Bethany, CT, *Official and individual capacities,* with an address of 631 Amity road, Bethany, CT, 06524.

266.     Defendant Sergeant Judicial Marshal Powers, Badge #157 of the New Haven Superior Court, *Official and individual capacities,* with an address of 235 Church street, New Haven, CT, 06510.

267.     Defendant Sergeant Judicial Marshal Schweitzer, Badge #129 of the New Haven Superior Court, *Official and individual capacities,* with an address of 235 Church street, New Haven, CT, 06510.

268.     Defendant Sergeant Kirby of the Orange Police Department, *Official and individual capacities,* is a sergeant employed with the Orange Police Department, with an official address of 314 Lambert Rd, Orange, CT, 06477.

269.     Defendant Several Jane Doe and John Doe Connecticut Court Marshals from Milford Superior Court, *Official and individual capacities,* are employed with the State of Connecticut and work at 14 West River st, Milford, CT, 06460.

270.     Defendant Several Jane Doe and John Doe Connecticut Court Marshals from Derby Superior Court, *Official and individual capacities,* are employed with the State of Connecticut and work at the Derby GA 5 Court, with an official address of 106 Elizabeth Street, Derby, CT, 06418.

271.     Defendant Several Jane Doe and John Doe Connecticut Court Marshals from New Haven Superior Court, *Official and individual capacities*, are employed with the State of Connecticut and work at 235 Church st, New Haven, CT, 06510.

272.     Defendant Several Jane Doe and John Doe Derby Superior Court Clerks from the Derby GA5 Clerks Office, *Official and individual capacities,* are employed with the State of Connecticut and work at the Derby GA 5 Court, with an official address of 106 Elizabeth Street, Derby, CT, 06418.

273.     Defendant Several Jane Doe and John Doe Milford Connecticut Superior Court Clerks Office Clerks, *Official and individual capacities,* are located at 14 West River st, Milford, CT, 06460.

274.     Defendant Several Jane Doe and John Doe New Haven Superior Court Clerks Office Clerks, *Official and individual capacities,* are located at 235 Church street, New Haven, CT, 06510.

275.     Defendant Shakeria Brown, *Official and individual capacities,* is the owner of Renew Your Mind LLC with an address at 21W W. Main Street, 4th Floor, Waterbury, CT, 06702.

276.     Defendant Connecticut Legal Rights Project, Inc. is a 501(c)(3) non-profit tax-exempt corporation with a registered address of PO Box 351, Silver Street, Middletown, CT, 06457.

277.     Defendant Shari-Lynne Cuomo Shore, *Official and individual capacities,* is a member of the executive committee for the Connecticut Bar Association, and an executive member of the New Haven County Bar Association with an address of  900 Chapel St #10, New Haven, CT, 06510.

278.     Defendant Shawniel Chamanlal, *Official and individual capacities,* is the owner of Healing Springs Wellness Center LLC, located at 1006 S. Main St, suite 4, Plantsville, CT, 06479.

279.     Defendant Shelby Summers, *Official and individual capacities,* is the director of student affairs at the University of Connecticut School of Law with an address of 55 Elizabeth Street, Hartford, CT, 06105.

280.     Honorable Karen Demeola, *Official and individual capacities,* is a former Dean of the University of Connecticut School of Law and current judge presiding at 155 Church street, Putnam, CT, 06260.

281.     Defendant Stacy Votto, *Official and individual capacities,* serves as an Executive Committee Officer for the New Haven County Bar Association with an official address of 900 Chapel St #10, New Haven, CT, 06510.

282.     Defendant Stan Strusky, *Official and individual capacities,* is the husband of Defendant

Jessica Strusky, and a resident of Connecticut residing at 100 Salem Rd, Prospect, CT.

283.    Defendant State of Connecticut is located at 210 Capitol Ave, Suite 104, Hartford, CT, 06106.

284.    Defendant State of Connecticut Senate Democrats is an organization located at 750 Main street, Suite 1108-3, Hartford, CT, 06103.

285.    Defendant Stephanie Bernstein, Esq, *Official and individual capacities,* is located at 124 Washington Avenue, Middletown, CT, 06457.

286.    Defendant Stephanie Roberge, Esq., *Official and individual capacities,* is the Chairperson for the State of Connecticut Judicial Review Council, with an official address of 505 Hudson Street #5, Hartford, CT, 06106.

287.    Defendant Stephanie Sgambati, *Official and individual capacities,* is domiciled in the state of Connecticut and serves as an Executive Committee Officer for the New Haven County Bar Association with an official address of 900 Chapel St #10, New Haven, CT, 06510.

288.    Defendant Tahlisa Brougham, *Official and individual capacities,* is an employee of New Haven Legal Assistance Association, Inc. with an official address of 205 Orange Street, New Haven, CT, 06510.

289.    Defendant Tamar Birckhead, *Official and individual capacities,* is domiciled in the state of Connecticut and serves as an Executive Committee Officer for the New Haven County Bar Association with an official address of 900 Chapel St #10, New Haven, CT, 06510.

290.    Defendant The Center for Family Justice, Inc. is a non-profit organization in Connecticut located at 753 Fairfield Ave, Bridgeport, CT, 06604.

291.    Defendant The DeCicco Law Firm, LLC is a law firm located at 27 Holmes Ave, Waterbury, CT, 06710.

292.     Defendant The Community Foundation for Greater New Haven Inc. is located at 70 Audobon St, New Haven, CT, 06510.

293.     Defendant The Umbrella Center for Domestic Violence Services of BHcare, is a subsidiary of BHcare located at 1000 Bridgeport Avenue, Suite 310, Shelton, CT, 06484.

294.     Defendant The University of Connecticut is a non-profit state University in the State of Connecticut located at 233 Glenbrook Road Unit 4100, Storrs, CT, 06269.

295.     Defendant Thomas A. Esposito, *Official and individual capacities,* is an attorney licensed to practice law in the State of Connecticut and a member of the State of Connecticut Marshal Commission, with an address of 450 Columbus Blvd., Suite 1403, Hartford, CT, 06103.

296.     Defendant Tim Pothin, *Official and individual capacities,* is domiciled in the state of Connecticut and serves as an Executive Committee Officer for the New Haven County Bar Association with an official address of 900 Chapel St #10, New Haven, CT, 06510.

297.     Defendant Town of Orange First Selectman's Office, is the municipal government office for the Town of Orange with an address of 617 Orange Center Rd, Orange, CT, 06477.

298.     Defendant University of Connecticut School of Law is the only public state of Connecticut Law School in the state and owned by the University of Connecticut, with an address of 55 Elizabeth Street, Hartford, CT, 06105.

299.     Defendant United States Department of Justice Civil Rights Division, is a branch of the United States Department of Justice with a listed address of 950 Pennsylvania Avenue NW, Office of the Assistant Attorney General, Main ,Washington, DC, 20530.

300.     Defendant Victim Rights Center of Connecticut Inc. is a non-profit located at 8 Research Parkway, Wallingford, CT, 06492.

301.     Defendant Violence Against Women Prevention Program Inc., is part of the Gladstein

Family Human Rights Institute and has a registered address at The Dodd Center For Human Rights, 405 Babbidge road, U-1205, Storrs, CT, 06269.

302.     Defendant Welty Esposito & Weiler, LLC, is a law firm located at 385 Orange Street, New Haven, CT, 06511.

303.     Defendant Whole House Remodeling Company LLC, *Official and individual capacities*, is a full-service remodeling and construction company owned and operated by Defendant Matthew J. Lodice registered at 48 Quarry Hill Rd, Waterbury, CT, 06706.

304.     Defendant William Tong, *Official and individual capacities,* is the State of Connecticut Attorney General at the Office of the Attorney General for the State of Connecticut, with an official address of 165 Capitol Avenue, Hartford, CT, 06106.

305.     Defendant Yale Child Abuse Clinic is owned by Yale New Haven Health Services Corporation Inc and is owned by Yale School of Medicine and has an address of 1 Longwharf drive, New Haven, CT, 06511.

306.     Defendant Yale University is the parent educational institute of Yale New Haven Health Services Corporation Inc, a 501(c)(3) tax-exempt corporation non-profit registered at 789 Howard Avenue, New Haven, CT, 06519.

307.     Defendant Yale New Haven Health Services Corporation Inc. is a 501(c)(3) tax-exempt corporation non-profit registered at 789 Howard Avenue, New Haven, CT, 06519.

308.     Defendant Yale University Child Study Center is a branch of Yale University that offers mental health services to children and is a part of Yale School of Medicine with a registered address of 230 S. Frontage Rd, New Haven, CT, 06519.

309.     Defendant Zingaro, Cretella, and Rasile LLC is a law firm located in the State of Connecticut with a registered address of 681 State Street, New Haven, CT, 06511.

310.     Defendant Trinity Health of New England Emergency Medical Services, Inc. is owned by

Defendant Trinity Health Inc. is the parent company of Defendant Trinity Health of New England

Corporation Inc. is the parent company of Saint Mary's Hospital in Waterbury, CT, and has a

registered address of 114 Woodland Street MS-510358, Hartford, CT, 06105.

311.     Defendant Trinity Health of New England Corporation Inc. is the parent company of Saint

Mary's Hospital in Waterbury, CT, and has a registered address of 114 Woodland Street MS-

510358, Hartford, CT, 06105.

312.     Defendant Trinity Health Inc. is the parent company of Defendant Trinity Health of New

England Corporation Inc. is the parent company of Saint Mary's Hospital in Waterbury, CT, and

has a registered address of 114 Woodland Street MS-510358, Hartford, CT, 06105.

313.     Defendant Saint Mary's Hospital in Waterbury is a subsidiary of Defendant Trinity Health

of New England Corporation Inc. is the parent company of Saint Mary's Hospital in Waterbury,

CT, and has a registered address of 114 Woodland Street MS-510358, Hartford, CT, 06105.

314.     Defendant Carmelina Calebrese, *Official and individual capacities*, is the Patient Advocate

for Saint Mary's Hospital in Waterbury, CT, with a listed address of 56 Franklin Street, Waterbury,

CT, 06706.

315.     Defendant Stephanie N. Doe, *Official and individual capacities,* is the Director of Quality

for the Quality Department of Saint Mary's Hospital in Waterbury, CT, with a listed address of 56

Franklin Street, Waterbury, CT, 06706.

316.     Defendant Maureen Cooney, *Official and individual capacities,* is the supervisor for the

Department of Health Information Management for Saint Mary's Hospital in Waterbury, CT, with

a listed address of 56 Franklin Street, Waterbury, CT, 06706.

317.     Defendant New Haven County Bar Foundation Inc. is a 501(c)(3) organization registered

at 171 Orange Street, New Haven, CT, 06510.

318.    Defendant Jared Mastej, *Official and individual capacities,* is a resident of the State of Connecticut and resides at 36 Center Street, West Haven, CT, 06516.

319.    Defendant Officer Joseph Mortali of the Hamden Police Department, *Official and individual capacities*, with an address of 2900 Dixwell Ave, Hamden, CT, 06518.

320.    Defendant Julio Ortiz, *Official and individual capacities*, is a former employee of the State of Connecticut State Police and a current independent contractor working with the state of Connecticut as a private investigator. He is the owner of Fortified Investigations and Security, LLC, with a listed address of 87 Alpine Street, Bridgeport, CT, 06610.

321.    Defendant Fortified Investigations and Security LLC, *Official and individual capacities*, is a registered business and state contractor in the state of Connecticut owned and operated by Defendant Julio Ortiz, with a listed address of 87 Alpine Street, Bridgeport, CT, 06610.

322.    Defendant Connecticut Bar Association Inc. is a Connecticut legal profession member organization located at 30 Bank Street, New Britain, CT, 06051.

323.    Defendant Director of Health for the Town of Orange Amir Mohammad, *Official and individual capacities*, 605A Orange Center Road, Orange, CT, 06477.

41. All above cited Defendants have participated, either through direct acts, omissions, associations, or in conspiracy with and through aiding and abetting in the ongoing and systematic obstruction of justice that has directly damaged and caused irreparable harm to the business and property of the Plaintiff.

## **NATURE OF ACTION**

1. This is an action alleging fraud, civil conspiracy to commit fraud, abuse of process, and racketeering, money laundering, tax evasion, and other false claims and torts all arising from an intricate

and longstanding interconnected web of a RICO scheme in which each of the defendants play a specific and unique role that was designed and implemented to defraud the United States, the impoverished, the self-represented, the uneducated, the disabled, and any other class of people that has suffered immeasurable injustices and inequalities at the hands of the State of Connecticut RICO enterprise, and has irreparably harmed plaintiff both personally and as legal guardian of her minor children A.L. and J.V..

2. Plaintiff has repeatedly and systematically been victimized by the defendant both personally and as a victim of the RICO scheme, and as such has suffered substantial injury to her person, business, and property as a result of being victimized by the fraudulent racketeering corrupted scheme set forth by the defendants.

3. Specifically, Plaintiff brings also this action against the aforementioned Defendants pursuant to substantial violations to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Connecticut Code of Judicial Conduct, 42 U.S.C. § 1983, Child Abuse Prevention and Treatment Act, Title II of the American with Disabilities Act, Adoption and Safe Families Act, Keeping Children and Families Safe Act, Family Educational Rights and Privacy Act, United States Ethics Rules for Judges, The Convention Against Torture, Code of Conduct for Judges, 5th Amendment to the United States Constitution, equal protection rights under the 14th Amendment to the United States Constitution, deprivation of parental rights, Title IV-D of the Social Security Act, 1st Amendment to the United States Constitution, Freedom of Assembly, Freedom of Speech, Free Exercise, The Establishment Clause, Family First Prevention Service Act, Fostering Connections to Success and Increasing Adoptions Act, 28 U.S.C. § 1253, Victims of Child Abuse Act, False Claims Act, 31 U.S.C. 3729, U.S.C. 2461, Rules Governing the Courts of the State of Connecticut, The Violence Against Women Act, various additional violations of civil rights, various other violations of rights as crime victims, restrictions of constitutional rights, violations of fundamental unenumerated rights under the United States Constitution, due process

violations, violation of various state and federal criminal statutes, and otherwise malfeasance acting under the color of law[1] by either direct, indirect, or through association and conspiracy and other applicable state and federal laws. There is no adequate remedy by appeal or other action that will ensure that the Plaintiff's constitutional rights are protected in this matter. The plaintiff also has uncovered a series of unconstitutional practices, policies, laws, and/or statutes that need careful judicial analysis and review to answer unprecedented and unclear questions of law involving fundamental rights which will significantly impact the public in a widespread capacity.

4. In furtherance of the RICO scheme and their own persona, social, and financial gains, the Defendants in conspiracy and in conjunction with each other, have deliberately and repeatedly acted under the color of law while annihilating the Plaintiff's right to due process defined by the Fifth and Fourteenth Amendments of the United States Constitution. This Complaint will affirm acts of encroachment under 42 U.S. Code § 1983 and the Racketeer Influenced and Corrupt Organizations Act (RICO). Plaintiff is seeking injunctive relief, compensatory damages, punitive damages, costs, treble damages, and declaratory judgment from defendants for said violations of rights.

5. Plaintiff files this Complaint pursuant to the Judicial Conduct and Disability Act of 1980, 28 U.S.C. § 351-364 against Defendant Grossman and all other Defendant Judges, Defendant Clerks and Defendant Judicial Marshals named in this complaint for their involvement and misconduct in multiple cases involving the plaintiffs, including but not limited to the following: *Theodora F. Antar v. Matthew J.*

---

[1] A civil rights complaint is used to bring claims that seek relief for the violation of a person's federal or constitutional rights. Title 42 § 1982 (the civil rights statute) does not confer rights, but instead allows individuals to enforce rights contained in the United States Constitution and defined by federal law. To state a claim under § 1983, the person seeking relief (a plaintiff) must allege (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused by conduct of (3) a person (4) acting under color of state law (a defendant). *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Under this law, a person who acts under color of state law to violate another's constitutional rights may be liable for money damages, declaratory relief (a court declaration that a violation is occurring), or injunctive relief (an order for the defendant to act or stop acting in a particular way).

47- COMPLAINT FOR FRAUD, RACKETEERING, ABUSE OF PROCESS, AND CIVIL CONSPIRACY

*Lodice,* Docket No. NNH-FA-19-5046828-S, *Theodora F. Antar(ST/CT) v. Matthew J. Lodice*, Docket No. NNH-FA-19-6096801-S, *Theodora F. Antar v. Matthew J. Lodice*, Docket No. NNH-FA-22-5055233-S, *Theodora F. Antar v. Gerald Viglione Jr.*, Docket No. NNH-FA-16-4068691-S, *Angelina M. Lodice PPA Theodora Antar v. Matthew J. Lodice*, Docket No. AAN-FA-23-5023487-S, *Theodora F. Antar v Matthew J. Lodice*, Docket No. NNH-FA-23-5057106-S, *Theodora F. Antar v Matthew J. Lodice*, Docket No. NNH-FA-22-5052817-S, *Mark Wachter v. Theodora F. Antar*, Docket No. NNH-FA-23-5056534-S, *Theodora F. Antar v. Scott Lodice*, Docket No. NNH-FA-23-5057984-S, *Theodora F. Antar v Matthew J. Lodice*, Docket No. NNH-FA-23-5057371-S, *Theodora F. Antar v Matthew J. Lodice*, Docket No. AAN-FA-23-5023887-S, *Theodora F. Antar v Matthew J. Lodice*, Docket No. AAN-FA-23-5023124-S, *Angelina Maria Lodice PPA Theodora F. Antar v. Dominic Lodice*, Docket No. AAN-FA-23-5023488-S, *State of Connecticut v. Matthew J. Lodice*, Docket No. A05DCR-23-0190622-S, *State of Connecticut v. Theodora F. Antar*, Docket No. A05D-CR23-0191150-S and other associated dockets including any labeled *State of Connecticut v. Theodora F. Antar* that have no public record and any which have resulted in full dismissals.

6. Plaintiff alleges that Defendants, individually and as a collective, within their sub-organizations but as members of the overall organization based on associations, acts, and omissions, conspired to and engaged in acts or omissions to further the goals of the RICO scheme, which has been impacting victims for decades. The Defendant Grossman, the leader of one of the such sub-organizations, and member and affiliate with several of the other sub-organizations, also abused her authority and conspired with other defendants and orchestrated an intricate scheme involving obstruction of justice, tampering with witnesses, intrinsic fraud upon the court, and other acts in violation of state and federal laws, including but not limited to bribery, racketeering, and trafficking of children into homes where they were more likely to experience sexual abuse in an alarming pattern and trend. Defendant Grossman knowingly and

deliberately violated laws while acting in her official and individual capacity and has consistently and repeatedly violated the Canons of the Code of Conduct for State Judges, namely Cannons 2A and 3.

7. Furthermore, several of the other Defendant state actors have engaged in numerous instances of judicial and/or official legal misconduct including, but not limited to racketeering, fraud, bribery, extortion, tampering with witnesses, and obstruction of justice. Plaintiff will show that Defendants' actions caused the deprivation of Plaintiff and Plaintiff's minor children's constitutional rights. See 42 U.S.C. § 1983; *Arnold v. International Business Machines Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff also seeks the court to take judicial notice of plaintiff's challenge to the federal rule of civil procedure which dictates that a pro-se parent plaintiff does not have the right to include their children as a plaintiff on a federal lawsuit, and that the minor child must be represented by counsel in order to be part of the lawsuit. However, there is no right to counsel, and no right to paid counsel for minor children in said cases, which is a violation of the constitutional right to due process and equal protection. If an indigent parent plaintiff is unable to find an attorney willing or able to represent their children in a lawsuit, that plaintiff must then be forced to exclude said children and the child is then deprived of their constitutional right to equal protection and due process of the law. Plaintiffs are required to meet 2 barriers: 1. They must find a civil attorney that will agree to represent their minor child(ren) in the civil lawsuit, which may not be an easy task if the claims are against the state actors that many attorneys work with regularly and 2. They must be able to afford said attorney. Many attorneys do not take cases on a contingency basis, and many attorneys shy away from controversial cases in an effort to protect their reputation and careers and avoid retaliation or backlash by members of the Bar or the community. Plaintiff feels this is unconstitutional and wishes to include both her minor children A.L. and J.V. as plaintiffs on this action, yet per rules of procedure is barred from doing so. This rule violates the equal protection clause of the United States Constitution and should be revised to allow indigent parent plaintiffs whose children's rights have been

violated to file pro-se lawsuits on their children's behalf without an attorney, otherwise they have no access to law and risk losing the chance to ever bring the claims in the future.

8. Plaintiff further contends that the Defendants, in conspiracy with and in collusion with one another, and as part of a longstanding RICO scheme involving the misappropriate of federal funding from Title IV-D of the Social Security Act, CAPTA, VAWA, and other corrupt acts acted knowingly, improperly, and with deliberate indifference to the Plaintiffs' established constitutional and civil rights acting under the color of law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania,* 36 F.3d 1250, 1255-56 (3d. Cir. 1994).

9. This lawsuit concerns the need for equal justice and reform to the entire structure of the family court system in order to remedy the unconstitutional and damaging trends, patterns, and practices that have been denying countless parents and their children the fairness which is demanded and entitled to them by the United States Constitution. All non-custodial parents within the State of Connecticut are guaranteed constitutional protections under federal law. Collectively, these Defendants are systematically furthering their RICO scheme in an effort to continue the tradition of embezzling federal funding while simultaneously depriving citizens of their lawful rights and violating federal laws daily under the guise of sovereign impunity.

10. Defendants, collectively and in conspiracy with one another, have violated the rights of Plaintiffs under the Fourteenth Amendment of the Constitution of the United States of America, the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and the Equal Protection Clause. "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the

United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

11. The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the Due Process Clause, to describe a legal obligation of all states. These words have as their central promise an assurance that all levels of American government must operate within the law ("legality") and provide fair procedures. The Fifth Amendment's reference to "due process" is only one of many promises of protection the Bill of Rights gives citizens against the federal government. Originally these promises had no application at all against the states (see *Barron v City of Baltimore* (1833)). However, this attitude faded in *Chicago, Burlington & Quincy Railroad Company v. City of Chicago* (1897).

12. Defendants' collective, repeated, and intricately orchestrated conduct was so obviously violative of Plaintiff's rights and Plaintiff's resulting injuries are so severe that it is shocking to the conscience and can only be described as a sadistic form of torture.

13. Plaintiff continues to suffer the results of the extensive abuses she was subjected to by the Defendants. This is an action for damages and other relief arising under the United States Constitution and the laws of the United States.

14. The plaintiff has sustained injuries and psychological harm amounting to irreparable and permanent harm as a proximate result of Defendants collective actions and systematic fraud and misconduct. These Defendants and other legal court representatives and associated state actors should be voluntarily removed by self-recusal or involuntarily removed by this Court and criminal indictments on federal charges should be levied upon them to ensure the public trust in the judiciary and to ensure the fraudulent scheme will not continue indefinitely into the future without oversight.

15. The Defendants are all associated with one another in a specified way or associated with the overall case and controversy and as such they have all played a unique, yet crucial role in the furtherance

and perpetuity of the overall RICO scheme in systematically depriving the Plaintiff of her rights under federal law and the United States Constitution.

16. The defendants, in conspiracy with one another and through carefully planned and orchestrated acts, omissions, and associations, have aided and abetted and conspired to partake in, invest in, and otherwise involve and associate themselves in an ongoing and systematic corrupt organization deeply embedded within the State of Connecticut involving welfare fraud, misappropriation of federal funding delegated to the states through Title IV-D of the Social Security Act, deprivation of rights, torture, human trafficking, and engaging in acceptance of bribery and other illegal acts in a systematic scheme that has been exploiting citizens, including the Plaintiff, for several decades.

17. This lawsuit is an attempt to stop the corruption in the State of Connecticut, particularly within the criminal justice and family branches of the judicial system and to end the ongoing corruption going on within the State of Connecticut by and through its actors, agents, associates, affiliates, and those acting through powers delegated either directly or indirectly through an arm of the state or anyone else given said powers or control.

18. The Defendant Grossman, in conspiracy with multiple other Defendants, intentionally deprived and encouraged many of the other defendants to personally attack and deprive the Plaintiff of her constitutional, federal, state, and crime victim rights in an effort to cover up the ongoing molestation and sexual abuse of the Plaintiff's minor child A.L.

19. The Defendant Grossman further engaged in a longstanding pattern of fraud, misappropriation of federal funding, racketeering, and other illegal acts. She is also a member of, affiliated with, or has a substantial influence over several of the other defendants named in this lawsuit, and has shown herself to repeatedly exhibit cruel and unusual punishments in an intentional scheme to further the sexual abuse of children and engage in human trafficking in violation of federal and state laws. She has violated rights

guaranteed within several U.N. treaties that have been ratified by the United States and has maliciously and in an effort to retaliate against anyone who complains about her forced litigants to be permanently blocked from accessing the judicial system as a result of her influence, control, and leadership role within the overall RICO scheme. She also violated multiple judicial canons, deprived Plaintiff of both substantive and procedural due process, the right to counsel, and rights entitled through the Americans with Disabilities act, VAWA, CAPTA, and the United States Constitution, among others.

20. The Defendant Grossman orchestrated a scheme that included a massive obstruction of justice and tampering with witnesses in which she instructed and delegated to others to engage in acts or omissions in an effort to facilitate in trafficking the Plaintiff's minor child A.L. into the hands of her alleged sexual abuser in an effort to protect the Defendant Lodice or his minor child D.L. from any potential criminal charges or liability related to such allegations of sexual abuse.

21. Many of the Defendants, either directly, indirectly, or through acts, omissions, or association, have repeatedly violated laws in order to further their own financial gains and obstructed justice, engaged in taking or offering bribes, money laundering, fraud, racketeering, and abuse of children through deprivation of liberty against the Plaintiffs.

22. The Defendants who are associated with the Defendant Lodice, including those who are or were state actors, have engaged in the acceptance of bribes, obstruction of justice, and other acts and omissions in an effort to further attempt to discredit the Plaintiff and her minor child A.L. and isolate Plaintiff and her minor daughter from one another for the purpose of obstructing justice regarding the allegations of sexual abuse by the defendant D.L.

23. The Plaintiff's minor child A.L. has on multiple occasions, made disclosures regarding the sexual abuse that she has experienced at the hands of the Defendant Lodice's minor child D.L., however this has been twisted to be used as a justification in the eyes of Defendant Grossman to deprive Plaintiffs

of all legal rights and access to the justice system without protecting any of Plaintiff's constitutional or due process rights.

24. Defendant Grossman, who has repeatedly refused to recuse herself or allow any other judicial authority preside over any matter involving the Plaintiff, is also an adjunct professor at Quinnipiac University School of Law, sits as one of the executive board members of the New Haven County Bar Association, worked as a criminal judge in New Haven, a support magistrate judge in New Haven, Waterbury, and Bridgeport, and was a staff attorney with New Haven Legal Assistance Inc. for more than a decade, representing low-income individuals in primarily family, criminal and housing matters.

She is well aware of the challenges that low-income individuals face when being denied access to the law and being unable to obtain proper legal representation due to the furtherance of the RICO scheme. Defendant Grossman received her bachelor's degree from Quinnipiac University in Psychology and received her law degree from Quinnipiac University School of Law. She has many personal friendships and relationships with the other named Defendants in this action and as such has influenced the acts and omissions of said Defendants. Her history has also exposed her to extrajudicial facts, information, and knowledge regarding the plaintiff due to the plaintiff's history.

25. Defendant Grossman had no qualms about removing the Plaintiff's minor child A.L. from the loving arms of the Plaintiff/Mother, while also separating her from her minor sister J.V., only to give custody to the abusive father under the sole reasoning of Defendant Grossman's baseless accusations that the Plaintiff was "lying" about the sexual abuse allegations. The Plaintiff submitted over 70 videos to the New Britain Police Department and to the Department of Children and Families, specifically to Defendant Plummer, and to Defendant Steeves, all of which included video evidence in which the plaintiff's minor daughter A.L. repeatedly discloses details regarding the fact that she is claiming to have been sexually abused by the Defendant Lodice's minor son Defendant D.L. on a regular basis over the past year and a

half. The Defendant Grossman never saw a single one of the videos, nor did she ever see any evidence regarding said abuse.

The Defendant Steeves claimed to have investigated the abuse, but never even met the minor child A.L. Defendant Grossman made a ruling with no notice, no due process, and without even swearing the plaintiff in, and traumatically ordered that the minor child A.L. be unexpectedly and immediately transferred to the sole legal and sole physical custody of the Defendant Lodice without proving the plaintiff to be unfit. Defendant Grossman ordered on May 25, 2023 that the plaintiff would only be allowed to see the minor child A.L. "as determined by the father" and "supervised by a third party designated by the father" which essentially delegated her power as an arm of the state to the Defendant Lodice, who then subsequently delegated that power to many of the other defendants within the sub-organization that he leads within the overall RICO scheme.

26. Furthermore, Defendant Grossman failed to protect the constitutional rights of the minor child A.L. when delegated any and all of her judicial authority to the Defendant Lodice, forcibly alienating the Plaintiff from her minor child and essentially removed all edicts regarding constitutional parental rights and federal laws regarding domestic violence, child protection, and the fundamental rights of parents.

The State of Connecticut RICO enterprise, by and through its agencies, commissions, departments, and other arms and legs and agents and actors, has exploited the poor by fraudulently obtaining billions of dollars in federal funding to create child protection, domestic violence, social services, and legal and mental health services to the poor to then deny the same poor indigent citizens of the State any such relief. Each defendant played a role in one way or another and is liable.

## JURISDICTION AND VENUE

27. This Court has jurisdiction pursuant to 28 U.S.C. §1251, §1253, §1331 and §1332, because it can hear cases that fall both within the scope of the United States Constitution in Article III Section 2 and

Congressional statutes as listed above. Furthermore, this Court has jurisdiction to hear cases to be determined by the Due Process Clause of the Constitution's Fifth Amendment.

28. This court has original subject-matter jurisdiction pursuant to 18 U.S.C. § 1964(C) and 28 U.S.C. §1331 because this action arises, in part, under the Federal Racketeer Influenced and Corrupt Organizations Act ("Federal Rico")

29. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims asserted allegedly occurred in this District. In fact, the entirety of Defendants erroneous actions and omissions took place in the State of Connecticut.

30. This Court has personal jurisdiction over Defendants who are involved in the Connecticut Judicial System, particularly Grossman because she aimed and purposefully directed their illegitimate actions while sitting on the bench of the State of Connecticut and presiding over multiple of the Plaintiff's civil cases.

31. This Court has the authority to grant declaratory relief, 28 U.S.C. § 2201, as well as further relief requested in this Complaint, including injunctive relief, 28 U.S.C. § 2202.

32. This Court has jurisdiction pursuant to28 U.S.C. §1251, §1253, §1331 and §1332, because it can hear cases that fall both within the scope of the United States Constitution in Article III Section 2 and Congressional statutes as listed above. Furthermore, this Court has jurisdiction to hear cases to be determined by the Due Process Clause of the Constitution's Fifth Amendment.

33. This Court has both subject matter jurisdiction as well as personal jurisdiction to hear this matter and make a binding judgment on this case.

34. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims asserted allegedly occurred in this District. In fact, the entirety of Defendant's erroneous actions took place in the State of Connecticut.

35. This Court has personal jurisdiction over Defendant Grossman because she aimed and purposefully directed their illegitimate actions while sitting on the bench of the State of Connecticut and presiding over Plaintiff's civil case.

36. This Court has the authority to grant declaratory relief, 28 U.S.C. § 2201, as well as further relief requested in this Complaint, including injunctive relief, 28 U.S.C. § 2202.

37. This action is brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, to redress defendants' conspiracy and pattern of corrupt and illegal activities in the State, including abuse of federal funded welfare and domestic violence programs, child support and welfare fraud, and corruption involving judges and state actors.

38. This Court has personal jurisdiction over Plaintiff's related state and common law claims pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

39. This Court has personal jurisdiction over all defendants in this action as all defendants are either domiciled in, do business in, have sufficient contacts with, or otherwise are or are associated with the state of Connecticut.

## FACTUAL CONTENTIONS

42. The Plaintiff was born in New Haven, Connecticut and has resided in Connecticut within New Haven County for the past 32 consecutive years.

43. The Plaintiff has documented disabilities which are protected under the *Americans with Disabilities Act* which include ADHD and PTSD that was caused by intense and severe levels of exposure to childhood trauma that included sexual abuse, homelessness, victimization by the criminal justice system, and living in poverty.

44. Plaintiff was also repeatedly victimized by the very system that was federally incentivized, funded, and designed to theoretically protect her at the hands of the Connecticut Judicial System, DCF and

other defendant state agencies who further exacerbated the trauma she was forced to endure so they would continue to act toward the furtherance of the RICO scheme that has also victimized countless others within the state of Connecticut for decades.

45. The Plaintiff was, as the late Honorable Judge Richard Damiani stated, repeatedly "victimized by our system" and as a result possesses a remarkably intuitive perspective and inside knowledge and exposure to the ongoing RICO scheme and for-profit judicial system operations being orchestrated by the state and has suffered tremendously as a result. See *State of Connecticut v. Christopher Katagis*, NNH-CR-07-0075571T.

46. DCF, the State of Connecticut Judicial System, the State of Connecticut Division of Criminal Justice, and many of the programs and organizations that receive funding through the federal government designed to help victims of abuse and domestic violence all collectively failed the plaintiff and directly added to her lifelong trauma, pain, and suffering. This is hallmark of the State of Connecticut's longstanding for-profit judicial system and the pattern of due process violations, misuse of federal funding, extortion, bribery, money laundering, racketeering, human trafficking, and obstruction of justice.

47. The Defendant Abdelghany Antar (hereinafter "Antar"), historically took advantage of and exploited several of these systematic RICO schemes in order to fraudulently obtain benefits through the DSS, reduce or eliminate child support obligations through fraudulently fabricated financial statements submitted in the New Haven Superior Court in an effort to defraud CCSES and in turn deprive the plaintiff of her right to the benefits of his financial support under federal laws as her biological father.

48. Defendant Diamanto Antonellis (hereinafter "Antonellis") lost custody of plaintiff when plaintiff was fourteen years old, forcing her to then live under the care and custody of Antar, who then proceeded to neglect plaintiff for the four years he was acting as her sole custodial guardian. Antar deprived

plaintiff of basic necessities like food, water, and shelter, while simultaneously making millions of dollars through a series of intricate RICO schemes that he orchestrated, all by and through business ventures in the State of Connecticut.

49. In spite of this, New Haven Superior Court, New Haven Child Support Enforcement Services, Connecticut Child Support Enforcement Services, and The Department of Social Services all failed to comply with federal requirements regarding the enforcement of child support, which ultimately left plaintiff to continue to suffer in poverty.

50. The State of Connecticut Department of Children and Families also failed to properly protect plaintiff when she was a minor, leaving her in a dangerous and neglectful environment with no adult supervision, access to services, financial support, or means of survival. Plaintiff was not only abandoned by Defendant Antonellis and then by Defendant Antar, but ultimately it was the Department of Children and Families who abandoned plaintiff and failed to protect her from the ongoing harm.

51. The Department of Children and Families receives billions of dollars in grants from the federal government that is supposed to go toward the protection of children, however every single day children like plaintiff and plaintiff's minor daughter A.L. continue to be victimized, and then re-victimized by the system. The ongoing systematic intricately woven RICO systems that all fall under the overarching blanket of the State of Connecticut is longstanding, deeply ingrained, and highly corrupted.

52. Plaintiff witnessed Defendant Antar speak openly regarding the various RICO schemes being orchestrated by the State in an effort to let the "poor get poorer", which most people in the state just accept as normal life in Connecticut, which has one of the highest discrepancies between the rich and the poor in the country. Between 1989 and 2016, income inequality between the richest and poorest families in the United States *doubled.*

59- COMPLAINT FOR FRAUD, RACKETEERING, ABUSE OF PROCESS, AND CIVIL CONSPIRACY

53. Many, if not all, of the programs, commissions, coalitions, foundations, and other "non-profit" organizations that are part of the ***Non-Profit Sector RICO operation,*** which report to the IRS that they are charitable organizations that exist to help the poor, disabled, abused, uneducated, and otherwise disadvantaged people of society who lack the means and opportunities to ever have a level playing field with their peers and colleagues.

54. The reality for many children growing up poor was similar to that of the plaintiff as a child. The only difference is that although plaintiff was initially with Antonellis who genuinely was unable to financially provide for her, Antar ***was*** able to provide and was making ***millions of dollars through his own series of RICO enterprise schemes,*** but chose to instead financially abuse and neglect the needs of plaintiff and her three siblings that are also his children. Antar was able to take advantage of the system and exploit the RICO enterprises for years without the State ever holding him accountable for anything.

55. As such, Defendant Antar further engaged in repeated violations of state and federal laws including wire fraud and mortgage fraud in obtaining multiple fraudulent mortgages and then intentionally defaulting on the loans while continuing to collect rent from tenants and failing to pay anything toward the mortgages.

56. Antar orchestrated various schemes throughout the years and ultimately after being indicted on federal charges for conspiracy to commit wire fraud, he "pled guilty on July 19, 2011, to an information charging him with one count of conspiracy to commit wire fraud under 18 U.S.C. § 371 for his leadership role in a mortgage fraud scheme involving 21 homes in greater New Haven." See *United States of America v. Abdelghany* Antar, 3:11-CR-00123-CFD

57. Defendant Antonellis, the plaintiff's mother, was an immigrant from Greece who had no college education or clear understanding of how to handle real estate transactions. Antar extorted her and

fraudulently told her he would marry her and convinced her to use $150,000 of her money from a wrongful death settlement from her father as a down payment on a single-family residence in Bethany, CT, which Antar secured under his name under the guise that he would pay the mortgage. This house, located at 151 Cheshire road in Bethany, CT, was where the plaintiff resided from her birth in September of 1991 through March of 1996. Plaintiff lived there from the ages of 0-4.

58. On December 11, 1995, after Antar missed a substantial number of mortgage payments on the property, the New Haven Superior Court issued a judgment of strict foreclosure against the defendants Antar and Antonellis. See *First Trust National Association v. Ali Antar, et al,* NH-CV-94-0356294-S

59. After receiving initial notice of judgment of foreclosure on January 22, 1995, and a subsequent 30-day extension of the February 13, 1996, ejectment date, on March 13, 1996, plaintiff and her family were forcibly evicted from the home and given only 24 hours to vacate the premises.

60. From March of 1996 until August of 2001 the plaintiff was also sexually abused by the defendant Katagis while under the care and custody of the defendant Antonellis. DCF was summoned to the plaintiff's home on numerous occasions during this time based on allegations of abuse and neglect being called in by third parties, yet DCF failed to intervene in any of said calls, which is paramount to their ongoing pattern of ignoring abuse and neglect while still exploiting federal funding in a RICO scheme that has spanned for decades.

61. DCF, which exists as a sub-organization within the overall organization of the State of Connecticut, has a longstanding history of failing to protect children within the state and allowing them to continue to be abused, neglected, and at times even murdered. DCF is misusing and fraudulently laundering federal funding. The State of Connecticut DCF currently has a federal Administration on Children and Families ACF grant along with other grants from additional federal funding sources. In spite of this, they have failed repeatedly to intervene in the ongoing case of A.L. being abused.

62. On Sunday October 8th, 2023, the Defendant Matthew Lodice was arrested and charged with felony risk of injury to a minor, and resisting arrest/interfering with an officer for his failure to comply with a wellness check on the minor child A.L..

63. The Defendant Lodice was taken into police custody and nobody from DCF, The Waterbury Police Department, or any of its third party vendors, employees, or other associated state actors or employees of Trinity Healthcare/Saint Mary's hospital ever contacted plaintiff.

64. The Defendant Karen Bowers fraudulently forged documents to the hospital stating that she was the "legal guardian" of the minor child A.L., despite her having no legal rights, visitation, or custody with the child.

65. The actions of all of the defendants combined allowed for the minor child A.L. to be then taken in for medical treatments without plaintiff's knowledge or consent, all of which plaintiff is still waiting to receive records on as plaintiff now has to prove to the defendant Saint Mary's Hospital that she is in fact the legal guardian of her child.

66. The policies and procedures and practices implemented and utilized within the State of Connecticut does not protect children, encourages the likelihood of children continuing to suffer from abuse and neglect, and continues to misuse federal funding incentives. DCF fails to adhere to guidelines set forth in federal laws such as CAPTA and VAWA and other federal laws which mandate their participation and involvement in cases that include investigations into the welfare of children.

67. In spite of the defendant Lodice being a registrant on the DCF abuse and neglect registry for substantiations of neglect and abuse involving defendants D.L. and S.L., and despite his long history of violent crime and domestic violence, he was only released with a $1500.00 bond and as soon as he got out he proceeded to threaten to "have plaintiff arrested" if she ever tried to contact him, defendant Karen Bowers, or A.L. again.

68. Plaintiff has not seen A.L. in 8 weeks straight, and prior to that only saw her for less than 2 total days in a period of 20 straight weeks.

69. Plaintiff has not been able to have any contact with A.L. since 10/8/23, as Defendant Lodice, who claims that his official capacity and state authority comes from Defendant Grossman, says that he has the authority and power to terminate any and all contact, access, and visitation between plaintiff and A.L.

70. Defendant Lodice has even gone so far as to inform his extended family members that the same power can be conferred on to them at his command. Defendant Lodice instructed Karen Bowers to lie and say she was the legal guardian of A.L., and both Lodice and Bowers told the Waterbury Department Officer Seeger that plaintiff allegedly had "no legal rights" and was "not the guardian" of A.L.

71. Plaintiff has *never had her parental rights terminated, never had her legal guardianship terminated, and has always been the biological mother, primary caregiver, and legal guardian of her minor child A.L.* In spite of this, the State of Connecticut Judicial System, Defendant judges, and other defendants have all conspired to continue to violate plaintiff's right to the care, custody, education, and control of her minor daughter. Plaintiff's rights were never terminated. Plaintiff was never proved unfit. Plaintiff has sole legal and sole physical custody of her 9 year old child and has never had any substantiations of abuse or neglect.

72. Defendant Lodice has several substantiations of abuse, neglect, and criminal convictions, however the fact that he has now been charged with his third felony risk of injury to a minor charge is still not enough for the courts to allow plaintiff any access at all or any contact at all with her minor child.

73. One of the biggest aspects of the RICO scheme is that the standard of proof in family court is a preponderance of the evidence standard, and the statutes on the "Best interest of the Child" standard in the State of Connecticut are unconstitutional.

74. The Memorandum of Understanding that the State of Connecticut has signed, as well as many of their administrative rules and policies, discriminate against mothers, women, those who are poor, and those who are uneducated or disabled. The State, and all associated defendants, have regularly and repeatedly engaged in conduct that violates the plaintiff's fundamental, constitutional, federal, and state law mandated rights.

75. A big part of the scheme is that the state, and all of its associated non-profit organizations and other tax exempt entities, receive billions of dollars every year from the federal government, and many times they deny individuals like plaintiff any access to the law at all. Plaintiff has only seen her minor four year old child for less than 2 days in 6 months, despite trying to file multiple motions for contempt, modification, emergency ex parte custody, motion to reargue. See NNH-FA-19-5046828S

76. Not only did Defendant Grossman violate every single one of plaintiff and her minor children's rights, but she did so strategically, in a targeted, orchestrated method that involved many of the defendants in this action and involved financial incentives offered by Defendant Lodice and Defendant Whole House Remodeling Company LLC, with the assistance of his strong connections with individuals such as Defendants Gallo, Lambo, and Jamie.

77. Furthermore, the DSS and CCSES fail to comply with federal laws that mandate them to collect child support from noncustodial parents and to enforce orders for failure to pay, which allows them to continue to receive federal funding without actually using any of the money to help people obtain their unpaid support. For instance, the New Haven Child Support Enforcement Services stated that their policy is that even if a non-custodial parent is a business owner and has multiple business and personal bank accounts with thousands of dollars in available balances, that as long as they pay a minimum of $1.00 every 6 months, then NHCSES will not take any action to garnish said parent's bank account for the arrears. However, this is unconstitutional in that it violates equal protection since those who

have child support orders against those who are not self-employed are able to get wage executions implemented by CCSES.

78. CCSES discriminates and violates the equal protection and due process rights of recipients in that only those who have jobs "on the books" get the orders enforced, which creates an incentive for individuals such as defendants Antar and Lodice to avoid working conventional jobs and to instead work in self-employment in an effort to further commit fraud, embezzlement, tax evasion, and evasion of child support duties, all of which amount to obstruction of justice.

79. CCSES and DSS work in concert with one another in order to protect and further their own interests within the RICO scheme since only recipients who are receiving cash assistance in the form of welfare payments through the DSS are able to get full enforcement of the orders, including garnishment of bank accounts.

80. CCSES will garnish bank accounts and seize assets if the money is owed to the State of Connecticut, but if the money is owed to an individual who is not receiving cash assistance, CCSES does nothing to enforce the order, in direct violation of federal laws and incentives which fund their very existence. This is a RICO scheme which allows them to do little to no work and refuse to collect payments unless they are being directly reimbursed to the state.

81. Furthermore, the defendant DSS regularly will make access difficult or impossible for those seeking services. The regional offices often have lines out the door, with those working in the offices showing little to no interest in their jobs, which is a hallmark of the beaurocratic attitude of most employees who have the State of Connecticut as one of their employers. The RICO scheme is able to continue to be furthered in that these organizations such as DSS and Husky receive federal funding incentives and grants from the federal government which are designed to help low-income individuals who may be in need of the resources.

65- COMPLAINT FOR FRAUD, RACKETEERING, ABUSE OF PROCESS, AND CIVIL CONSPIRACY

82. Not only does the State of Connecticut, by and through its agents, completely limit and create extreme obstacles and hurdles to those seeking its services, but they simultaneously further their RICO scheme by providing sizeable salaries and pensions to their employees complete with full state benefits, while many times denying indigent applicants services such as cash assistance or SNAP due to them exceeding federal poverty limits by amounts sometimes as low as $4.00.

83. Plaintiff is involved multiple pending civil lawsuits at this time including in the Superior Court for Juvenile Matters in Waterbury, CT regarding a petition for termination of parental rights of the Defendant Lodice, a child support magistrate IV-D support suit in the New Haven Magistrate Court in New Haven, CT, a custody/visitation case in the New Haven Superior Court for family matters, and three appellate matters regarding the aforesaid suits and other related suits.

84. Plaintiff is also involved in a pending criminal action in the Derby Superior Court in Derby, CT which Plaintiff has filed to remove to the federal district court based on extreme violations of constitutional rights and an inability to enforce said rights in the state court due to the unprecedented and extraordinary nature of the circumstances surrounding the overall case and controversy.

85. This action arises from Defendants, acting in concert with one another, arbitrary and improper actions such as: (1) adjudicating actions without proper notice and due process for Plaintiff; (2) colluding with other court appointees and/or representatives without the Plaintiff's approval; disseminating information in a manner that places the minor children's lives in danger; (3) lending a "blind eye" to the irrefutable evidence and allegations that the minor child in the case referenced-above *(Antar v. Lodice)* is in extreme danger and doing nothing to substantiate same; (4) ignoring numerous reports of the abusive father and sexual abuse allegations against the father's son D.L.; and (5) collective conspiracy and acts to systematically attempt to discredit and defame the plaintiffs in a targeted attempt at covering up this abuse.

86. Defendants, by their actions as officers of the court in the above-referenced case, are endangering the lives of the minor children and Plaintiffs. Specifically, the Petitioner/Father is abusive to the parties' minor child, who will do anything to maintain his control of the situation.

87. Defendants are *failing* to allow critical evidence that will substantiate Plaintiff's claims of abuse, battery, personal assaults and psychological assaults, neglect, the allowance of sexual abuse and exposure to sexual acts, and coercive control of the minor children.

88. In the above-referenced civil "domestic relations" case, the minor child of the parties Lodice and Plaintiff is in grave danger. Defendants simply ignore this fact and "lends a deaf ear" to Plaintiff's repeated pleas for help.

89. Defendants were cognizant and knew beyond a reasonable doubt that their actions violated Plaintiff's constitutional rights yet continued to violate said rights in an effort to silence and prevent Plaintiffs from obtaining justice.

90. Defendants are *not* entitled to any type of "qualified immunity" from liability while performing discretionary functions because their conduct *clearly violated* established statutory and/or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396,410 (1982).

91. Moreover, a qualified immunity cannot be invoked by officials who knew that they were violating the Constitution (subjective bad faith), or who should have known that they were transgressing a clearly established constitutional rule (objective bad faith).

92. This lawsuit concerns the need for equal justice and fairness that is demanded by the United States Constitution. Furthermore, all individuals and citizens within the State of Connecticut are guaranteed constitutional protections under federal law. These Defendants *willfully* violated federal laws with impunity.

93. In 1871, Congress created a cause of action,' now codified in 42 U.S.C. section 1983, to redress the violation of constitutional rights by persons acting under color of state law. Subsequently, in a fitting centennial celebration of section 1983's enactment, the United States Supreme Court, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* recognized a comparable cause of action against federal officials implicit in the Constitution.

94. Plaintiff has sustained general and compensatory damages. *See, e.g., Monroe v. Pape,* 365 U.S. 167, 187 (1961).

95. The principal purpose of general compensatory damages is to put the Plaintiff in the same position as the Plaintiff would have been but for the Defendant's breach of a legal duty. By placing the costs of breach on the wrongdoer, compensatory damages. also perform a deterrence function.

96. Additionally, 42 U.S.C. § 1983 (1976) provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or uses to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. IO 403 U.S. 388 (1971) (violation of fourth amendment).

97. *In Carey v. Piphus* [435 U.S. 247 (1978)] the Court ruled that while presumed compensatory damages may not be awarded in a section 1983 action for a violation of procedural due process, nominal and proven compensatory damages are appropriate to redress such a grievance. Since Congress has not specified the damages recoverable in section 1983 and Bivens litigation,''' the courts have drawn upon the common law of damages to fashion remedies' for deprivations of constitutional rights.'

98. Civil rights and civil liberties play an important role in today's society. It impacts our daily lives. Civil right is the basic right to be free from unequal treatment, based on a certain religion, culture, gender,

disability, and race. The freedom of assembly, freedom of speech, voting rights, and equal protection under the law are examples of civil rights. These rights give all citizens the opportunity of" ...life, liberty, and the pursuit of happiness."

99. Defendants have *failed* to allow the Plaintiff to specifically testify about the current dangerous living situations while the minor children are in the father's custody,

100.    Inasmuch, Defendants have awarded full custody of the minor children, despite evidence of the dangers, to the abusive father in this case.

101.    The fight for justice, equality, civil liberties and constitutional rights have never been easy. This matter too will be hard fought.

## THE FAMILY COURT SYSTEM IN CONNECTICUT IS CORRUPT

102.    Plaintiff repeats and realleges each of the following paragraphs as if set forth fully herein.

103.    The new generation of judges, court actors and mental health professionals too often act like accomplices to pedophile criminals, acting in accordance with each other in an overall scheme akin to "cash for kids" allowing the enablers of the accurately accused criminals they declare to be acceptable custodians of the most vulnerable of our populations.

104.    The world of the family courts supports not just child abuse but child torture and full lifelong destruction of children.

105.    Depraved behaviors and children's pleas for help are ignored. Significant self- destructive behaviors that include sexual abuse, molestation, cutting and self-mutilation are often ridiculed by cruel, indifferent Department of Children and Families (DCF) case workers, present to count bodies and make sure that mindless, bureaucratic rules are enforced. These case workers show concern that the parent's house is clean and neat with food in the refrigerator and no dishes in the sink, but they fail to notice that the baby in the crib is dead or dying.

106.   In some cases, children are isolated to hide crimes. In other cases, it is to promote the devastation of the complaining partner. But in either case, Protective Parents are stripped of marital assets, reputations, and careers, saddling them with disproportionate or totally inappropriate child support.

107.   The courts and all associated with them have moved to a dimension of autocratic, anti-compassionate attention to the tenets of psychological assessment and treatment.

108.   Child victims can become adult predators. Criminals in court under the guise of judges, attorneys, guardian's ad litem, court-appointed psychological evaluators, and other court factotum are transforming social space into dangerous territory where predators roam freely.

109.   Plaintiff is beseeching this Court to take notice of the corruption of this system and to take action to bring about lasting change.

110.   The associated state agencies and nonprofits and those who work and are associated with said organizations and associations systematically use their roles in order to misappropriate funding, deny citizens their rights and access to services, and continue to receive federal funding that is intended to protect children, support families, and offer legal assistance, while denying individuals those services.

111.   The memorandum of understanding that exists in the State of Connecticut regarding the fathers rights initiative, Title IV-D federal funding incentives, and lack of statewide training and resources has created a dangerous situation where individuals such as the plaintiffs are being deprived of their legal rights and property.

## RULES OF PROFESSIONAL CONDUCT

112.   Plaintiff repeats and realleges each of the following paragraphs as if set forth fully herein.

113.   While the model rules for professional conduct seem pretty straight forward and structured to deter unethical behavior in the courts among both judges and lawyers, in practice it is a remarkable failure. The rules serve only to act as mere "window dressing" in most situations dealing with matrimonial

and child custody cases. Very rarely, if ever, does one hear of an attorney in this area of law reporting a judge or lawyer to any oversight or "appropriate professional authority" because doing so could be averse to that person's livelihood-it also may be hypocritical of many to report such instances as they may be engaging in the same behaviors on occasion.

114.   The state of Connecticut and its associated arms, affiliates, and actors has engaged in a systematic pattern of allowing accused and adjudicated batterers to receive joint or sole custody surprisingly often.

115.   The state of Connecticut and its associated arms, affiliates, and actors has engaged in a systematic pattern of allowing a clear and documented gender bias against women in custody litigation that has also been implemented in the criminal justice system and law enforcement agencies throughout the state.

116.   The family court system in the state of Connecticut is unconstitutional in that it does not allow or afford litigants the right to counsel if they are indigent.

117.   There is a systematic statewide embezzlement scheme occurring within the state of Connecticut, and many lawyers who practice in and out of the same courtrooms as the judges in this action will almost never report such behaviors including obstruction of justice, bribery, and the concealment of sexual abuse as they have to practice in front of the same judges and the same opposing lawyers on multiple occasions.

118.   Several attorneys named in this complaint have denied the plaintiff legal representation, intentionally given the plaintiff dangerously reckless legal advice, and have played a role in the overall corrupt scheme which has been going on for decades within the state.

119.   This creates situations where attorneys who may want to do the right thing by representing those who have been victimized by the system or reporting such violations are put in a place where they are

forced to weigh the possible retaliation by judges and players that could adversely affect them and future clients.

120.    The other concerns for them are the forms of blackballing by peers that sometimes goes on against those lawyers blowing the whistle within this industry.

121.    The hurdles to address areas of misconduct are many times insurmountable due to many of the entities designed to investigate having been proven to be ineffective, shielded by a cumbersome process and system of procedures that filter out many legitimate cases of wrongdoing brought to the attention of such groups. Not to mention most of these groups do not have the authority to initiate investigations.

122.    The City of New Haven and the New Haven County Bar Association, along with the Judicial Review Council have influenced the local media silence on family court corruption and the <u>local media is completely silent</u> about the <u>ongoing scandal in its Superior Court Judicial</u> <u>District of New Haven.</u> The New Haven Superior Court, city of New Haven, New Haven County Bar Association, and all those Defendants named in this action who have some association in the controversy are all engaged in corrupt activities and have continued to engage in statewide widespread corruption with no oversight.

123.    The Judicial Review Council, which is made up of some of the same judges and lawyers who are part of the same Bar Organization and circle of friends and social circle, all protect each other.

124.    The University of Connecticut School of Law pushes an agenda on students that everything is about networking and "who you know" and as such creates a dangerous situation where those within the judicial system, attorneys, and members of the bar organization in the state of Connecticut handle cases by exchanging funds, favors, campaign dollars, or engaging in extrajudicial relationships, ex-

parte communications, and back door deals in order to ensure that litigants are exploited financially as much as possible.

125.    The State of Connecticut has an unconstitutional practice in that it does not allow attorneys to appear Pro Hac Vice for litigants who seek counsel that are not part of the corrupt organization unless the Pro Hac Vice attorney has a Connecticut Attorney who can endorse them and appear and at any and all court proceedings.

126.    The State of Connecticut has an unconstitutional practice in that it does not allow foreign attorneys to appear as a foreign legal representative as counsel for clients in Connecticut, but only allows said individuals to consult with individuals regarding the laws of their respective nation, unlike the neighboring state of New York which allows them to be full counsel.

127.    This is all part of the systematic structured gate-keeping scheme in order to monopolize the cash for kids for federal dollars and abuse of federal funding for personal wealth gain that has been ongoing in the state for decades.

128.    Many of the judges, particularly Defendant Grossman, have shown an indifference (enjoyment) of obvious suffering, concomitant lack of empathy, manipulation and humiliation of children and protective parents in an effort to extort funds and misappropriate funding to infiltrate the process of court proceedings.

129.    Defendant Grossman in accordance with multiple lawyers and psychologists has engaged in racketeering cohorts effectively marshal her victims- children and their protective parents-down the assembly line supervised by the local law enforcement and powered by money.

130.    Several of the defendants, in conspiracy and conjunction with one another, particularly Jane Grossman, as well as other defendant judges and state actors and their associates are engaged in witness tampering, suppression of evidence, and abuse and violation of Due Process.

131.   The Connecticut Judicial system, through its family courts are operating a money laundering and trafficking operation in total secrecy under the color of law. Without oversight by the public and the media, there is no hope that any of this will change.

132.   The state hides under the guise of sovereign immunity and judicial immunity, and the Judicial Review Council will systematically ignore any and all valid complaints while intimidating and encouraging attorneys not to make complaints.

## JUDICIAL IMMUNITY IS NOT ABSOLUTE

133.   Plaintiff repeats and realleges each of the following paragraphs as if set forth fully herein.

134.   Plaintiff is *not* asserting claims against the state court judges or other state actors and affiliates "in their official capacity."

135.   Indeed, several allegations contained in this Complaint clearly indicate that Plaintiff's civil rights claims against the state actors themselves are independent and directed not at the State of Connecticut; rather, at the Defendants as individual "state actors."

136.   For example, this Complaint asserts that Defendants "have acted under the color of the law while annihilating the Plaintiff's right to due process defined by the Fifth and Fourteenth Amendments of the United States"; that Defendants "have engaged in numerous instances of judicial misconduct"; and that Defendants "aimed and purposefully directed their illegitimate actions while sitting on the benches of the Superior Courts of Connecticut.

137.   To begin with, the law of judicial immunity has long distinguished between retroactive and prospective remedies. In general, suits seeking prospective remedies are *not* barred by the doctrine of judicial immunity. *Pulliam v. Allen,* 466 U.S. 522, 541-42 (1984) ("judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity"). Although the scope of *Pulliam* was narrowed by a 1996 amendment to 42 U.S.C. § 1983, declaratory relief remains

exempt from judicial immunity under the clear terms of the statute. *See Kampfer v. Scullin,* 989 F. Supp. 194,201 (N.D.N.Y., 1997).

138.    In the instant case, Plaintiff seeks, *inter alia,* declaratory and injunctive relief against Defendants.

139.    Under the terms of the Third Circuit's ruling in *Allen v. DeBello, supra,* such relief is certainly not barred by the doctrine judicial immunity.

140.    This Complaint explicitly "requests that the Court enter an award in Plaintiff's favor declaring that any and all of the Defendant judges orders in regard to cases involving the Plaintiffs violate the Fourteenth Amendment civil rights and are thus devoid of any legal force and effect."

141.    A judgment stating that unconstitutional custody and relief from abuse orders issued in continuing litigation are "devoid of any legal force and effect" is relevant to every custody-related ruling that will arise in the future course of litigation; it is aimed at the "threat of repeated injury in the future" by preventing the state court from applying an illegal ruling at any step between the issuance of the declaratory judgment and a final order. Such prospective declaratory relief is not barred by judicial immunity.

142.    A judge enjoys protection from suits under 42 U.S.C. § 1983 only to the extent that he/she acts "as a neutral and impartial arbiter of a statute," making no decisions of his/her own in the application of a statute of policy. As the Third Circuit Court of Appeals has emphasized, "a judge who acts as an enforcer or administrator of a statute ***can*** be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." *Allen v. DeBello, supra,* 861 F.2d at 440 [emphasis added]. *See also Supreme Court of Virginia v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 736 (1980) (judges acting in an "enforcement" capacity are "proper Defendants in a suit for declaratory and injunctive relief, just as other enforcement officers and agencies [are]"); *Georgevich v. Strauss,* 772 F.2d 1078, 1088 (3rd Cir., 1985) ("Where a suit challenges statutes related to the judicial process

or statutes previously enforced by the particular judge against the Plaintiff, judges are proper parties" in a civil rights suit) [internal quotation marks omitted].

143.  In this case, Plaintiff does not seek relief from the Defendant as a "neutral arbiter" of a statute or policy. Rather, the Complaint alleges that "Defendant's conduct reveals a widespread culture of retaliation and deliberate indifference within the judicial system of the Connecticut court system" and "a staggering failure of judicial self-governance institutional system." These allegations reflect the sort of "enforcement" role that renders a judge a "proper party" in a civil rights action under Third Circuit precedents such as *Allen* and *Georgevich*. Plaintiff alleges that Defendants have both misapplied the law in issuing his/her rulings and enforced illegal policies prevalent in the Connecticut courts. It follows that Defendants are a proper party to this action, and that no doctrine of judicial immunity bars Plaintiff's attempt to seek relief from Defendants' collective administration and enforcement of wrongful judicial and statewide policies.

## RETALITORY ACTIONS BY DEFENDANTS

103. Plaintiff repeats and realleges each of the following paragraphs as if set forth fully herein.

104. On numerous occasions Plaintiff, has filed complaints against the Defendants for unfair, unjust and prejudicial conduct.

105. Plaintiff has received no meaningful response to any of these complaints.

106. Plaintiff's allegations, therefore, are directed, at least in part, against Defendants in their *personal,* not their official, capacity. As the U.S. Supreme Court has emphasized: Personal-capacity suits... seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, "[o]n the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Hafer v. Melo,* 502 U.S. 21, 25 (1991), *quoting Kentucky v. Graham,* 473 U.S. 159, 166 (1985) [emphasis in original]. This is precisely

the nature of Plaintiff's allegations in this case. And such claims are not barred by the Eleventh Amendment. "[T]he Eleventh Amendment," the Supreme Court has clearly stated, "provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law." *Id.,* 502 U.S. at 30, *quoting Scheuer v. Rhodes,* 416 U.S. 232,237 (1974). Thus, any attempt to establish immunity from suit under the Eleventh Amendment- based as it is on a misrepresentation of Plaintiff's allegations - *must fail.*

107. Defendants have collectively engaged in copious additional patterns of retaliatory conduct, such as setting Plaintiff up for constant violations of court orders under credulous and false pretense.

108. Parents have reported judges, attorneys, guardians, and psychiatrists to authorities who are to investigate complaints. To no avail they are never held accountable and continue to keep on providing injustice. It does not matter what judge you have because if they take you off their caseload, you will just get another judge doing the same thing.

109. Despite all of the abusive conduct by the father, Defendants transferred sole legal and sole physical custody to the violent and sadistic father who is on the DCF abuse and neglect registry and has no stable home of his own or adequate ability to care for said child.

110. Collectively, the Defendants actions reap of collusion with the cruel and abusive father.

111. Inasmuch, Defendants are unwilling to protect the minor child A.L.'s safety; rather, they are willing to go extraordinary lengths to track down a protective parent like a common criminal and to separate the minor children from their primary loving and caring mother indefinitely with no clear path of reunification and no legal method of modification of any such orders.

112. The Defendants' actions give credence and credibility to the likelihood that Defendants are colluding, aiding and abetting, and obstructing justice in an effort to further the overall goal of financial gain

and the obstruction of justice in prevention of criminal charges being initiated against the defendant Lodice and his minor son D.L.

113. Defendants conduct reveals a widespread culture of retaliation, racketeering, trafficking, money laundering, misuse of federal funding, torture, deprivation of rights, concealment and enabling of sexual abuse of children, bribery, and deliberate indifference within the judicial system of the Connecticut judicial system and its associates.

114. The conduct of the Defendants also represents a staggering failure of the judicial self-governance institutional system.

115. The Connecticut State judiciary will not police itself voluntarily. This is a set of facts that calls for personal liability, punitive damages, systemic injunctive relief, and external intervention and oversight of the Defendants and the Connecticut State judiciary.

116. A phrase that Theodore Roosevelt made popular should be stated here: "No man is above the law and no man is below it; nor do we ask any man's permission when we ask him to obey it."

## LEGAL OPINIONS, BELIEFS AND THOUGHTS

117. The United States Constitution is based on one rather undemocratic idea, the idea that there is a need for protection against a tyranny by the majority. The Constitution recognizes that, while there should be majoritarian control of the government, there also should be some form of restraint upon the majority, because majorities can be selfish and oppressive or tyrannical, and some rights are so important that they should belong to everyone, even if the majority does not think so.

118. So, while the American system of government is primarily democratic or majoritarian, it is not purely so. The Constitution of the United States creates a government that operates as a limited democracy or what is at times referred to as a constitutional democracy because it places constitutional limits upon the authority of the government.

119. Most of these limits can be found in the Bill of Rights of the Constitution, which states, for example, that Congress shall make no law abridging freedom of speech, and that no state shall deprive any person of life, liberty, or property without due process of law or deny to any person the equal protection of the laws.

120. So, even if Congress and the President, which after all are elected by the people, decided unanimously to abridge someone's freedom of speech, they are proscribed from doing so by the Constitution. Even if a state legislature and governor voted unanimously to deny a person or group the equal protection of the laws, the state is prevented from doing so by the Constitution. The Constitution itself limits the authority of the Congress, the President, and the states to deprive individuals of their rights.

121. Moreover, the branch of government that was specifically designed to protect the rights of individuals and to. make certain that the other branches of government do not exceed their constitutional authority is the judiciary. Because they are appointed rather than elected and because they do not have to stand for reelection, federal judges are part of the counter- majoritarian branch of government. As. a counter-majoritarian branch of government, the federal judiciary functions to oversee the other branches of government,. that is, the majoritarian branches of government, to make sure they do not engage in tyranny by the majority.

122. Again, beginning with the Declaration of Independence and culminating in the Constitution and Bill of Rights, the Founders of our nation adhered to a steadfast dedication to the rule of law. To achieve that critical goal, our forefathers.

123. The family court system in the United States is failing our children. Our appointed judges and commissioners are supposed to act in the best interest of the child, but unfortunately, they are not.

124. The pendulum has been swung too far in different directions when it comes to mothers' rights and fathers' rights. We should not be sold on the notion that an individual should have rights just because they have the ability to procreate. A child's right to be safe and loved should supersede parental rights.

125. The adversarial process of the court brings out the worst behavior for those with personality disorders. They become extremely defensive and often much more dangerous, as they resort to extreme efforts for power and control over the other party, the children, the professionals and the judge. This can include lying, spreading rumors, hiding money, hiding children, false allegations and even violence.

126. Quite simply, the judges and commissioners of the family court system are not taking the proper time to evaluate high-conflict custody cases. The judges are too focused on moving cases through the courtroom like cattle. Two healthy parents should be able to come to an agreement based on what is in the best interest of the child.

127. Much like a doctor becomes accustomed to the cycle of life, our courts have become accustomed to abuse, neglect and abandonment. This issue begins in the courtroom and trickles down to everyone who has a hand in the family court system. This includes the very people who are supposed to protect our children such as parenting evaluators, counselors and therapists, Guardian ad Lidem and Child Welfare Services. As a society, we should demand a higher threshold when it comes to our children. Sadly, these issues come back to parental rights and the fact that the family court system places a higher priority on parental rights than what is truly in the best interest of our children.

128. Abusers routinely use family court as a weapon to punish their ex-spouses. The family court system has become a sword and not a place for fairness, justice, or child safety. It is appalling that courts are unable to detect who the high conflict party is, often lumping the victim into the mix. We need to raise awareness for all the parents who have lost custody battles and for the children who get caught in the crossfire.

129. Expensive attorneys have perpetuated this problem and need to be held accountable, too. Most of the time, these abusers just want to get off the hook of paying child support. Even worse is when they seek revenge by attempting to make the other parent pay *them* child support. Abusers do this by attempting to win full custody. Sadly, many times, this trick works! It is happening every day across America. It is a dirty tactic, and it needs to not only be stopped but prevented!

130. Our national statistics show that over a hundred children per year are killed by the parent that the judge mistakenly placed them with following a trial. This is a complete and tragic failure of the family courts. It's also the personal failure of the judges who are not able to detect immediate threats to children's safety. While some courts tunnel vision on assigning parents' rights to their children, the more important concern of a family court should be to protect the children. Child safety should come first! Money should not buy sole legal custody. Money-hungry, unethical lawyers shouldn't help beat up an ex who is just trying to be a good, loving mother and get away from an abuser.

131. Plaintiff and her minor children is one of the victims of family court abuse by her child's father. Each year, he has threatened the Plaintiff and given her an ultimatum of sexual relations or loss of custody, violated any and all court orders, filed countless, senseless motions and lied under oath in order to obstruct justice and coercively control and punish the plaintiffs indefinetly through the justice system. I have not neglected nor abused our children-like he falsely accuses me.

132. Defendant Lodice stated he would "guarantee" that the minor child A.L. be transferred into his custody and cited his relationship with several of the defendants as his connection and ability to bribe, secure, and guarantee said transfer of custody despite his concerning record of violence and abuse.

133. As we all already know, major portion of our legal system's failure to protect abused children occurs in state family courts. Understandably, when the abuser is a parent of the child and the other parent is innocent of any complicity in the abuse, the "protective parent" often seeks to dissolve the

relationship, or, if the abuse is discovered post-separation, seeks to restrict or eliminate visitation privileges. Unfortunately, the judicial system from which the protective parent and child are seeking justice and protection is comprised of judges and court personnel who lack sufficient training in child abuse issue and are often indifferent to the child's allegations of abuse, particularly allegations of sexual abuse.

134. Mental health professionals and attorneys' ad litem are often appointed by judges in return for campaign favors and tend to be mere puppets of the court. Further, critical court decisions can be based more on personal relationships with lawyers than on sound legal principals. As a result, the protection of the child and any due process to which the child is entitled is given little or no consideration and the abuser is frequently given unrestricted visitation with the child, if not outright possession. Child abuse, whether sexual or physical, and child protection becomes only incidentally a custody question.

135. Traumatized originally by the perpetrator, the child is victimized again by the legal system designed to protect him/her. This legal system was originally put into place in order to identify children who had been abused or severely neglected by their parents or caretakers, remove those children at risk of further abuse or neglect and place them in protective custody (or terminate parental rights and place the child with adoptive parents), and bring perpetrators of child abuse and criminal neglect before the bar of justice. However, since its creation, this system has devolved into one where incompetent, ineffective, overwhelmed, and sometime corrupt government officials and entire bureaucracies, who are accountable to no one, are making decisions resulting in abused and neglected children being left in dangerous homes.

136. Although an alarming picture of the family courts' failure to protect children has already developed, the best evidence in support of this, particularly in cases involving parents attempting to save their

children from further abuse, often involves court proceedings wherein the records have been sealed. Allegations of altered transcripts altered or destroyed government documents, ex parte' communications, and hearings held and orders issued without court reporters are not limited to the few highly publicized child abuse cases which make national news but are being heard throughout nation. Statistical data in support of this failure and its impact on our nation is overwhelming.

137. Fundamental to understanding why we are failing the abused child is the fact that children who are victims of crimes are treated differently from all other victims of crimes. Only in instances of crimes against children does our law enforcement establishment allow DCF, a social service agency, lacking law enforcement training, experience, and priorities to receive the initial report of abuse, to perform the initial "civil" investigation of the crime, and dictate the progress of the criminal case.

138. Only in cases of child abuse is a victim forced by the state to live in the same home nwith his or her abuser. And, only in cases of child abuse is a person denied the right to be safe in his or her own home. This points out a fundamental issue involving the rights of children: They have no rights. Because children cannot speak for themselves, they are denied access to justice and equal protection under the law.

139. Allowing DCF to control the criminal investigation and the determination of when or if to remove the child from harm's way has proved to be a fatal error by law enforcement.

140. The statewide systematic approach to investigating allegations of childhood sexual abuse in the state of Connecticut not only silences young victims of abuse but also eliminates due process and violates the constitutional rights of crime victims.

141. Whereas police agencies measure their response time to the scene of adult crimes in minutes (and child abuse cases invariably involve first degree felonies where the child is literally being held hostage by the perpetrator), DCF measures acceptable response time in terms of days. A "priority one" or life-

threatening report of child abuse means DCF is required under their own guidelines to make the crime scene in 24 hours!

142. Worse yet, DCF lacks the victim's perspective of law enforcement (whose complaining witness must be protected to preserve the criminal case). DCF's "client" is not the child, but the family. Their goal is to rehabilitate the perpetrator and preserve the "family unit"; to perform a social experiment at the child's expense. Unfortunately, few of such experiments have shown to be successful. Rates of re-abuse in such homes are astronomically high.

143. This family preservation bias has been strongly motivated by federal funding which has required, as a condition to receipt of the funds, that local DCF agencies demonstrate that "reasonable efforts" have been made to preserve the family. Not surprisingly, when the vulnerable child abuse victim is kept in the same home with the person whom they may testify against and perhaps send to prison, the child often forgets or "recants" the allegations. This would be no different than forcing an adult victim of rape or battery to live with their rapist or batterer during the pendency of the criminal investigation, except that children are placed in even greater danger. It is inherently contradictory to have the same agency responsible for the investigation of a crime and protection of the child, on the one hand, and the preservation of the abusive family on the other! Despite the best intentions of the most dedicated social worker, a child cannot be protected in an abusive home.

144. As various parts of the country have experienced "system failures" with DCF, a national consensus has developed that this family preservation agenda is risky and unworkable, and that children must be removed from homes whenever they are abused or neglected. This attitude is strongly supported by research from the social sciences. While some efforts to rehabilitate parents who neglect or abuse their children have been successful, the results have never been predictable. In fact, the overwhelming statistical and clinical evidence indicates that most child abusers will continue to abuse, regardless of

rehabilitation programs. Dr. Michael Stone, Ph.D., a nationally recognized expert on family violence and formerly one of the strongest proponents of family preservation, has stated that the evidence is in, and the policy of family preservation has been an abysmal failure.

145. Parents have reported judges, attorneys, guardians, and psychiatrists to authorities who are to investigate complaints. To no avail they are never held accountable and continue to keep on providing injustice. It does not matter what judge you have because if they take you off their caseload, you will just get another judge doing the same thing.

146. The standard for disqualification for bias or prejudice 1s fundamentally an objective one. It represents a legislative judgment that, due to the sensitivity of the question and inherent difficulties of proof, as well as the importance of public confidence in the judicial system, the issue is not limited to the existence of the actual bias. Rather, if a reasonable person would entertain doubts concerning the judge's impartiality, disqualification is mandated. To ensure that the proceedings appear to the public to be impartial and hence worthy of their confidence, the situation must be viewed through the eyes of the objective person. The standard indicates that the decision is not based on the judge's personal view of his own impartiality, and also suggests that the litigant's necessarily partisan views do not provide the applicable frame of reference. Rather, the judge ought to consider how his or her participation in a given case looks to the average person on the street.

## COUNT ONE

**Violation of the Unites States Constitution Fourteenth Amendment**

147. Plaintiff repeats and realleges each of the following paragraphs as if set forth fully herein.

148. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State

deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

149. The individual rights protected under the Fourteenth Amendment can be understood in three categories: (1) "procedural due process;" (2) the individual rights listed in the Bill of Rights, "incorporated" against the states; and (3) "substantive due process."

150. "Procedural due process" concerns the procedures that the government must follow before it deprives an individual of life, liberty, or property. The key questions are: What procedures satisfy due process? And what constitutes "life, liberty, or property"?

151. Historically, due process ordinarily entailed a jury trial. The jury determined the facts, and the judge enforced the law. In the past two centuries, however, states have developed a variety of institutions and procedures for adjudicating disputes. Making room for these innovations, the Court has determined that due process requires, at a minimum: (1) notice; (2) an opportunity to be heard; and (3) an impartial tribunal. *Mullane v. Central Hanover Bank* (1950).

152. Defendants have constantly ignored evidence that father had coerced, threatened and psychologically abused the minor children and made disparaging remarks about the Plaintiff /Mother.

153. Defendants engaged in collective improper ex-parte' communications with one another in an effort to obstruct justice and ensure personal financial gains and incentives in the above-referenced cases.

154. Defendants continually treated the Plaintiff in a demonstrably egregious and hostile manner.

155. Moreover, Defendants retaliated against the Plaintiff for reporting judicial misconduct and wrongdoing.

156. Specifically, Defendant Grossman continues to harass the Plaintiff with disparaging remarks, defamatory and slanderous public written opinions, and unfounded accusations.

157. Apparently, Defendant Grossman sports a psychological and psychiatric license to properly and medically evaluate the Plaintiff. Of course, all of the above-referenced banter is categorically *false and incorrect*.

158. Clearly, Defendant Grossman is stepping "outside of her lane" by making such personal remarks to Ms. Cleary.

159. Defendant Grossman jointly with other defendants would openly conspire and collude with one another before, during, and after these hearings.

160. Defendant Grossman goes on to suggest that the mother should have an ... "assessment by psychiatrist with a PhD level to determine" why the mother has allegedly "lied" about the sexual abuse allegations regarding her minor child A.L.

161. Tangentially, the abusive father has never been mandated to likewise have an assessment by a psychotherapist whatsoever. He was also exempt from an order to sign releases for the mental health treatment records from his previous provider, despite the defendant Grossman threatening the plaintiff with adverse legal action if she didn't comply. The hypocrisy is clear and the point well-taken.

## COUNT TWO

**Civil Action for Deprivation of Rights - Retaliation (42 U.S.C. § 1983)**

162. Plaintiff repeats and realleges each of the following paragraphs as if set forth fully herein.

163. Defendants unlawfully retaliated against Plaintiff for opposing them and filing complaints against them.

164. Defendants' retaliations deprived Plaintiff of her right to equal protection guaranteed by the Fourth Amendment to the United States Constitution.

165. Defendants' retaliation deprived Plaintiff of her right to due process under the la Defendants' retaliation caused Plaintiff damages enumerated below.

87- COMPLAINT FOR FRAUD, RACKETEERING, ABUSE OF PROCESS, AND CIVIL CONSPIRACY

## COUNT THREE

**Civil Action for Deprivation of Rights - Retaliation Freedom of Speech (42 U.S.C. § 1983)**

166. Plaintiff repeats and realleges each of the following paragraphs as if set forth fully herein.

167. Plaintiff engaged in constitutionally protected speech on matters of public concern, including but not limited to, speech concerning ongoing corruption, harassment, and retaliation by Defendants and within the Connecticut court system.

168. Defendants' retaliation deprived Plaintiff of her right to equal protection guaranteed by the Fifth Amendment to the United States Constitution.

169. Defendants' retaliation caused Plaintiff damages enumerated below.

## COUNT FOUR

**Civil Action for multiple violations of RICO by the Antar/Katagis/Ganim/Antonellis Family enterprise for Deprivation of rights -Obstruction of Justice, Accessories to felony sexual assault after the fact, Tampering with a witness, Violations of mandatory child abuse and neglect reporting laws, and Violations of plaintiff and plaintiff's minor children's civil rights under federal and constitutional and state law.**

170. Plaintiff repeats and realleges each of the following paragraphs as if set forth fully herein.

171. The family enterprise that consists of multiple named defendants and other unnamed participants conspired and engaged in a RICO scheme in an effort to deliberately obstruct justice and cover up the sexual abuse of plaintiff suffered at the hands of Defendant Katagis for the majority of her formative years.

172. The entire family before, during, and after the conviction of Defendant Katagis, deliberately engaged in a RICO scheme that involved extortion, obstruction of justice, tampering with and bribing/intimidating a witness, and violation of rights.

173. Many of the individuals are, or were mandated reporters at the time and still chose not to report the sexual abuse of plaintiff to authorities or to DCF.

174. The same family enterprise also refused to intervene or report any abuse or neglect of minor child A.L., despite her being abused, neglected, and uncared for without anyone being able to rescue her from this abuse.

175. As a whole, this sub-RICO enterprise has used their political and state powers as well as their influence with others who are in such positions in order to attempt to pay off plaintiff to silence her regarding the sexual abuse she suffered because of Katagis.

176. Defendant Antonellis told plaintiff that she could have any amount of cash that she wanted, and that Katagis would pay, if she agreed not to go to the Connecticut State Police Troop I in Bethany, CT to provide a second statement to police in 2006 regarding the sexual abuse that occurred in her childhood.

177. Plaintiff did not accept this bribe and instead said she was seeking justice, validation, and to be free from abuse and neglect and sexual assault.

178. As such, the entire family abandoned plaintiff, continued to harass, intentionally cause emotional distress and harm, isolate, ostracize and discredit plaintiff in an effort to protect defendant Katagis.

179. Even after defendant Katagis plead guilty to the crimes, the family still treated plaintiff and her minor children as strangers in the family, making sure that neither plaintiff nor either of her two children would ever be invited to any family gathering.

180. From 2009 when Katagis plead guilty, until now, this "family enterprise" has gathered for each and every special occasions over the last fourteen years while plaintiff was left isolated and alone without any family, home, money, or support.

181. To date, this enterprise of defendant has continued the tradition of obstructing justice and suppressing

evidence of sexual abuse, refusing to make mandated reports, and allowing the abuse to continue through acts, omissions, or affiliations in concert with other state actor defendants.

182. The actions of the defendants that are members of this sub-enterprise engaged in organized crime and violated the RICO act repeatedly through creating an illegal enterprise and a pattern of racketeering activity that allowed for sexual abuse to continue for two generations through both plaintiff and her minor daughter A.L.

183. The actions taken by this enterprise (hereinafter "GAKA") constitute racketeering activity and are affected by several enterprises affecting interstate commerce, specifically those organized and operated by defendants Antar and Ganim.

184. Further, Defendant Antar conspired with Defendant Joe Ganim, Mayor of Bridgeport, in an effort to conspire against the United States to shorten their sentences while they were both in federal custody of the United States at Federal Correctional Institution Beckley together in Beaver, West Virginia between 2011-2014.

185. Any and all members of the GAKA sub-enterprise were also acting under the overarching blanket of the State of Connecticut through acts, omissions, and affiliations in order to continue to defame, discredit, torture, and emotionally harm the plaintiff and her children by forcing them to be estranged and isolated from the entirety of the family and excluded from any and all baptisms, weddings, holidays, birthday parties, and other family gatherings.

186. Defendant Anastasia Ganim not only failed to uphold her oath as a state employee and failed to report abuse of plaintiff or her minor child, but she even chose to have defendant Katagis as the honorary "man of honor" at her wedding to Chris Ganim, while excluding plaintiff due to plaintiff expressing discomfort with being in the same wedding party as the individual who sexually abused her for the entirety of her childhood and left her with life-long trauma.

187. The acts of this family enterprise did, do, and will continue to cause the plaintiff and her minor children irreparable harm in the future.

188. They knew, or should have known, that their actions would cause irreparable harm, yet still proceeded to go forth with said acts, omissions, and affiliations in an effort to harm plaintiff and her minor children.

## COUNT FOUR VIOLATIONS OF LAW ENFORCEMENT OFFICERS- DEPRIVATION OF RIGHTS

189. Plaintiff repeats and realleges each of the following paragraphs as if set forth fully herein.

190. Plaintiff has been subjected to extreme and severe intimidation, threats, discrimination, violations of equal protection rights, and other violations of my rights as a victim of a crime by the Defendant Police Officers in this action and their respective departments.

191. Defendant law enforcement officers and law enforcement departments named in this action have systematically and routinely discriminated against plaintiff and subjected her to severe emotional distress and harm.

192. The Orange Police Department and Waterbury Police Departments have routinely used severe levels of intimidations, threats, and attempts to try to coerce plaintiff into not writing a statement or submitting an affidavit for the warrant of the arrest of defendant Lodice for his ongoing abuse and harassment.

193. Lieutenant DeReubies of the Orange Police Department attempted to intimidate, insult, threaten, scare, mock, and harass the plaintiff when she attempted to write a statement. Plaintiff was told she did not have such right to make a statement and other defendant officers have routinely denied Plaintiff these rights, as well.

194. Plaintiff now lives in constant fear of not being able to report crime as the Orange Police Department and their associated officers and dispatchers have subjected plaintiff to discriminatory treatment that violates her rights and those of her minor children.

195. The Defendants have been subjecting plaintiff to extreme retaliation and extreme favoritism and protection of defendant Lodice who has a strong network of police and judicial and state marshals and correctional officers.

196. Defendant officers from the Orange Police Department and Waterbury Police department have regularly tried to scare and use coercion against plaintiff to try to deter her from making a report, refuse to take the call in from dispatch, refuse to allow plaintiff to have an officer call her back or take her complaint, and laugh, mock, belittle, and intimidate plaintiff to the point where plaintiff no longer feels safe or protected by the law enforcement officers whose job it is to have a duty to protect her and her children.

197. Defendant officers named in this action have violated plaintiff's rights severely, particulary in the Waterbury Police Department and the Orange Police Department, as well as with the New Britain Police Department.

198. None of the aforementioned departments or any other officers or departments named in this complaint have conducted investigations in a fair and unbiased manner, but rather have shown extreme bias and retaliation toward the plaintiff for her attempts to try to seek services from the police.

199. None of the aforementioned departments have shown the plaintiff or her minor children any respect and have violated all of our rights under the ADA, CAPTA, VAWA, crime victims rights, and rights to seek services without being discriminated against in compliance with due process and equal protection rights set forth in the fourteenth amendment.

200. Plaintiffs rights have been violated so badly that plaintiff can no longer call either department without being treated extremely different than any other civilian, which causes plaintiff extreme level of emotional distress and fear.

## DEFENDANTS CONDUCT WARRANTS PUNITIVE DAMAGES

201. Plaintiff repeats and realleges each of the following paragraphs as if set forth fully herein.

202. Defendants conduct warrants the imposition of punitive damages. The factors justifying punitive damages, include but are not limited to, the following:

   a. Defendants ignored information available to them that re-enforced the dangerous and abusive conduct of the father;

   b. Defendants acted with knowledge that their statements and actions were false;

   c. Defendants acted with knowledge of Plaintiff's deep-seated love for her children, citing statements they knew to be legitimate; nevertheless, they colluded against the Plaintiff/Mother and more specifically, her minor children.

   d. Defendants knew that their actions would have a damaging impact on the Plaintiff and her minor children's lives; and did so as a cruel and unusual punishment in order to inflict suffering and emotional harm on plaintiff.

   e. Each municipality named in this complaint failed to protect plaintiff and her minor children, failed to uphold their legal duties, misused federal funding incentives, and directly or indirectly caused abuse, neglect, and violence to continue in perpetuity.

   f. Each state actor or arm of the state named in this complained failed to provide services that they were contracted to provide, violated state and federal laws, and treated plaintiff with an immeasurable level of bias, discrimination, intimidation, harassment, abuse, and psychological torture over the course of the past year and a half.

g.  There is clear evidence that, within their sub-organizations that are all interconnected with one another, that each of the sub-enterprises created their own RICO scheme that affected interstate and foreign commerce by misuse of federal funding, fraud, tax evasion, and other violations through a clear, longstanding pattern of racketeering activity supported by the intentional lack of oversight in the State of Connecticut.

h.  Each time that a federal court dismisses a complaint that alleges anything to do with family court or the system, it only enables the state courts and state actors to freely dictate the terms of the lives of innocent litigants, many of which are poor, uneducated, and cannot fight against the system that intends to exploit them and their children for what amounts to billions of dollars in federal funding each year.



## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter an award in Plaintiff's favor, and against Defendants, as follows:

a.  awarding Plaintiff compensatory damages in an amount to be determined;

b.  awarding Plaintiff punitive damages in an amount to be determined;

c.  awarding Plaintiff all expenses and costs, including but not limited to, all attorney's fees (if applicable);

94- COMPLAINT FOR FRAUD, RACKETEERING, ABUSE OF PROCESS, AND CIVIL CONSPIRACY

d.      declaring that Defendant Grossman's orders violates the Fourteenth Amendment civil rights and is thus devoid of any legal force or effect;

e.      enjoining Defendants from enforcing the established Court Orders against the Plaintiff and recusing Defendants from Plaintiff's civil case;

f.      an order to stay judgment and proceedings in the NNH-FA-19-5046828S case until further notice and an injunction ordering reunification of Plaintiff and her minor daughter J.V. to take place immediately with minor daughter A.L.

g.      Monetary award in damages payable to the Plaintiff not less than fifteen million dollars ($15,000,000.00) in collective damages; and

h.      such other and further relief as the Court may deem appropriate and just.

## DECLARATION OF THEODORA F. ANTAR

I, Theodora F. Antar, declares as follows:

1.  I am over the age of eighteen (18) years of age and am a party to this action. I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts stated herein.

2.  I make this declaration in support of this Complaint for Fraud, Racketeering, Abuse of Process, Civil Conspiracy, Damages, Declaratory Relief and Injunctive Relief.

3.  I respectfully request that the Court accept my Complaint and grant the requested Declaratory and Injunctive Relief.

4.  I declare under penalty of perjury under the laws of the State of Connecticut that the foregoing is true and correct and that this Declaration was executed on October 12th, 2023 in Orange, Connecticut.

**Theodora Antar,** *Pro Se*

**856 Shagbark Drive, Orange, CT, 06477**

theodoraantar@gmail.com

**Phone: (203)273-8419**

96- COMPLAINT FOR FRAUD, RACKETEERING, ABUSE OF PROCESS, AND CIVIL CONSPIRACY

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**Theodora Antar**, *Pro Se*

**856 Shagbark Drive, Orange, CT, 06477**

theodoraantar@gmail.com

**Phone: (203)273-8419**

## **DECLARATION UNDER PENALTY OF PERJURY**

The undersigned declares under penalty of perjury that she is the Plaintiff in the above action, that she has read the above Complaint and that the information contained in the Complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

