| | | |
|---|---|---|
| THEODORA F. ANTAR | ) | Civil Action No. **3:23-cv-01337-MPS** |
| *Plaintiff* | ) | |
| v. | ) | |
| GROSSMAN, ET AL. | ) | |
| *Defendant*s | ) | November 21st, 2023 |

### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

The Plaintiff, Theodora Antar, respectfully moves this Honorable Court for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), and in support of this Motion, avers as follows:

I. **Introduction and Procedural Background**

This action, initiated on 10/12/23, is currently governed by first Amended Complaint filed on 10/23/23. The Plaintiff now seeks to further amend her Complaint to address evolving aspects of the case.

II. **Legal Standard for Amendment**

Under the Federal Rules of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." This principle is echoed in the seminal case, *Foman v. Davis*, 371 U.S. 178, 182 (1962), where the Supreme Court emphasized that "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'"

This rule emphasizes that, beyond the initial amendment that may be made as a matter of course, further amendments require either consent from the opposing party or approval by the court. The rule is designed to be liberal in allowing amendments to pleadings to ensure that cases are decided on their merits rather than on procedural technicalities.

The courts have broad discretion to grant leave to amend and are guided by principles of equity and fairness, considering factors such as potential prejudice to the opposing party, the timing of the request, and the validity of the reasoning provided for the amendment.

In the *Foman* case, the plaintiff, after the death of her father, filed a lawsuit to recover what she believed was her rightful share of the estate, arguing that her father had made an oral promise not to execute a will. When the case was dismissed under the statute of frauds, she sought to amend her complaint to include a new cause of action. The district court denied this motion, and the First Circuit upheld the denial, but the Supreme Court ultimately disagreed, highlighting the liberal intention behind Rule 15(a) and stating that the lower court should have allowed the amendment.

This case underscores the principle that the justice system favors the resolution of cases on their merits rather than on procedural grounds, and it remains a leading decision on the interpretation of Rule 15(a).

III.   **Rationale for Second Amendment**

 The Plaintiff seeks to introduce additional claims and defendants, critical for the complete and just adjudication of the dispute. This amendment aligns with the ethos of the Federal Rules, intending to facilitate a decision on the merits rather than on technicalities or procedural oversights.

IV.   **Lack of Prejudice to Defendants**

As service has only been completed on two of the defendants, and considering the nascent stage of this litigation, granting this amendment does not prejudice the defendants. The Plaintiff's

amendment is not proposed in bad faith but is intended to fully represent the complexities of the case. At this juncture, only two out of more than 400 defendants named in the complaint have been successfully served, and no responses have been received.

The vast majority of the defendants remain unaware of the claims asserted against them. Allowing a second amendment to the complaint is entirely consistent with the fundamental principle that litigation should be decided on its merits, and defendants should be afforded a reasonable opportunity to respond to the allegations against them.

V.    **Disability Accommodation and Justice**

As a non-attorney individual with disabilities, the Plaintiff asserts that allowing the amendment would accommodate her situation under the *Americans with Disabilities Act*, ensuring equitable access to the legal process. This amendment serves the broader interests of justice, enabling the Court to consider all pertinent issues.

The proposed amendment is not futile; rather, it seeks to refine and clarify the claims against the defendants. Such clarification is in the interest of an efficient and focused litigation process. Allowing the amendment promotes the interests of fairness and judicial economy, as it can potentially streamline the litigation by ensuring that the claims are appropriately articulated from the outset.

VI.   **Subsequent Developments Justifying Amendment**

Significant developments since the filing of the initial complaint necessitate their inclusion for a comprehensive adjudication.

VII.  **Lack of Prior Service**: The complaint only been served on defendants Matthew Lodice and Whole House Remodeling Company LLC, neither of which have responded, thus the amendment will not disrupt the proceedings or cause undue prejudice.

Importantly, there is no evidence of undue delay or prejudice to the opposing parties that would militate against granting leave to amend. To the contrary, the present stage of the proceedings and the fact that the majority of defendants remain unserved mitigate any concerns about undue delay. Defendants have not been burdened with the task or expense of responding to the initial complaint, and therefore, no prejudice arises from the proposed amendment.

Plaintiff respectfully requests that this Honorable Court exercise its discretion in favor of granting leave to amend the complaint for a second time.

Doing so is entirely consistent with the principles articulated in *Foman v. Davis* and serves the paramount interests of justice, fairness, and the efficient resolution of the case. Given the early stage of the proceedings, the absence of prejudice or undue delay, and the potential for a more focused and efficient litigation process, allowing the amendment is unquestionably in the best interest of all parties involved.

WHEREFORE, Plaintiff Theodora Antar respectfully requests that this Court grant her leave to file a Second Amended Complaint.

Respectfully submitted,

11/21/23

/s/ Theodora Antar

Theodora Antar

856 Shagbark Drive

Orange, CT, 06477

theodoraantar@gmail.com

(203)273-8419

## CERTIFICATE OF SERVICE

I hereby certify that on 11/21/23 a true and correct copy of the foregoing Motion for Leave to File Second Amended Complaint was served on all parties of record in accordance with the rules of this Court.

Respectfully submitted,

11/21/23

/s/ Theodora Antar

Theodora Antar

856 Shagbark Drive

Orange, CT, 06477

theodoraantar@gmail.com

(203)273-8419