UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

\- - - - - - - - - - - - - - - - x

THEODORA F. ANTAR, Individually and as legal guardian of her minor children A.L. and J.V.,

Plaintiff,

vs.

JANE KUPSON GROSSMAN, Hon., Official and individual capacities, et al.,

Defendants.

\- - - - - - - - - - - - - - - - x

No. 3:23-CV-1337 (MPS)

FEBRUARY 12, 2024

4:01 P.M.

STATUS CONFERENCE

450 Main Street
Hartford, Connecticut

BEFORE: THE HONORABLE MICHAEL P. SHEA, U.S.D.J.

COURT REPORTER: Julie L. Monette, RDR, CRR, CRC
(860) 212-6937

Proceedings recorded by mechanical stenography, transcript produced by computer.

APPEARANCES:

FOR THE PLAINTIFF:

THEODORA F. ANTAR
856 Shagbark Drive
Orange, Connecticut 06477
BY: THEODORA F. ANTAR, PRO SE

FOR THE DEFENDANTS JANE KUPSON GROSSMAN, ET AL.:

OFFICE OF THE ATTORNEY GENERAL
165 Capitol Avenue, 5th Floor
Hartford, Connecticut 06106
BY: BRIAN TETREAULT, AAG

FOR THE DEFENDANT MARK WACHTER:

VOTRE & ASSOCIATES, P.C.
90 Grove Street, Suite 209
Ridgefield, Connecticut 06877
BY: KENNETH A. VOTRE, ESQ.

FOR THE DEFENDANTS ELIZABETH PROTZMAN AND ASHLEY GRAY:

BRIGNOLE, BUSH & LEWIS
73 Wadsworth Street
Hartford, Connecticut 06106
BY: MARIO K. CERAME, ESQ.

FOR THE DEFENDANTS CITY OF MILFORD AND ITS OFFICERS AND EMPLOYEES:

KARSTEN & TALLBERG, LLC
500 Enterprise Drive, Suite 4B
Rocky Hill, Connecticut 06067
BY: DENNIS M. DURAO, ESQ.
BY: KEITH T. TRUMBO, ESQ.

FOR THE DEFENDANT CHRISTOPHER KATAGIS

CHRISTOPHER KATAGIS, PRO SE
21 Burma Road
Woodbridge, Connecticut 06525
BY: CHRISTOPHER KATAGIS, PRO SE

(Call to order, 4:01 p.m.)

THE COURT: We're here today on Antar versus Grossman, et al. The case is 23-CV-1337.

Let's begin by all persons who are parties, whether they are represented by counsel or not, standing up and stating their appearances.

MS. ANTAR: Theodora Antar, the plaintiff.

THE COURT: Welcome.

MR. KATAGIS: I'm Christopher Katagis, defendant.

THE COURT: Okay.

Counsel as well, please. Please let us know who you represent.

MR. TETREAULT: Brian Tetreault, the -- many of the various state defendants.

THE COURT: Okay.

MR. VOTRE: And I'm Kenneth Votre, V, as in Victor, O-T-R-E. And I represent Mark Wachter.

MR. CERAME: Mario Cerame from Brignole, Bush & Lewis representing Elizabeth Protzman and Ashley Gray.

THE COURT: Okay.

MR. DURAO: Good afternoon, Your Honor. Dennis Durao from Karsten & Tallberg, City of Milford and its officers and other employees.

MR. TRUMBO: Keith Trumbo also of Karsten & Tallberg also representing the City of Milford and their officers and

employees.

THE COURT: And? Sorry?

MR. TRUMBO: Keith Trumbo --

THE COURT: Yes, I heard you. Your voice dropped off at the end. And an officer you said?

MR. TRUMBO: Yeah, I'm with Attorney Durao.

THE COURT: The same parties that Mr. Durao's representing.

MR. TRUMBO: Yes, Your Honor.

THE COURT: I got it. I got it. Thank you.

Well, thank you, folks, for all coming today before the snow. I thought it made sense for us to meet in person just so we could go over some things in this case because the complaint is very large, and it names a very, very large number of defendants. And unless we have a little bit of organization, it's really not -- the case is not going to get off the ground.

So I thought, Ms. Antar, it makes sense for me to start with you. You don't have to really say much. I'm just going to go over some things with you. So you really just should listen.

So the -- I've reviewed the complaint briefly. I haven't studied it carefully, but I've reviewed it briefly. It's very long. And I'm, of course, aware that certain motions have been filed and are pending. I've ruled on some of those

motions.

I thought it would be useful just to kind of walk through, for all of our benefits, some of the Federal Rules of Civil Procedure, Local Rules of Civil Procedure, and some of the other statutes and principles that will govern this case. Because I think if the case can be informed by what I'm about to say, as I say, it will go much smoother and more quickly for everyone involved, beginning, I think -- well, the other thing I'll say is, because, Ms. Antar, you filed a motion to amend your complaint, which we denied without prejudice saying that you could file a new motion to amend and gave you a deadline later this month to do that, I think much of this hopefully will be useful to you in deciding what to include and what not to include in your proposed amended complaint.

So just to begin, I think it's worth just reminding all parties, as I think Mr. Cerame pointed out in his papers, of the existence of Rule 1 of the Federal Rules of Civil Procedure, which say that the federal rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding, which means that everybody -- me, you, whether you're represented or not -- have an obligation to conduct the litigation in a way that will promote a speedy, inexpensive, and just outcome.

And so the next thing I'll point out just -- and

really this is really for the plaintiff's benefit, is Rule 4, which speaks to how to serve a complaint. And I'm not going to go through the entire rule, but there's two provisions I just wanted to bring to your attention. One is proof of service, which requires an affidavit, and that's Rule 4(l). And the other is the time limit for service, which is 90 days. And if the time limit isn't met, the court can dismiss the complaint if -- unless the plaintiff shows good cause for the failure to serve.

I mention those provisions, ma'am, only because, given the very large number of defendants you have sued in the existing complaint -- I don't know how many you intend to sue in the proposed new complaint -- it will be a challenge, to I think put it -- to make an understatement, for you to comply with all these provisions, to get the service done, and to file adequate proof of service. I'm not commenting on what you've done so far. I'm just giving you guidance for the future, because you've, again, indicated you want to file a new complaint.

I'll also mention Rule 5, which requires service of all papers on all parties. Now, that can be done for parties who have appeared, like these folks, through the electronic filing system. You file something on the docket, and they see it automatically. But for papers that -- for parties, and there are many who have not appeared, all papers filed in the

litigation have to be served on those parties. This includes any amended complaint.

So anybody who has not appeared will need to be served the amended complaint even if they were already served an earlier version of the complaint. And it doesn't matter whether the complaint doesn't change anything about them. It's a new pleading, and it's the operative pleading, if the Court allows it. And so you would need to re-serve it on them. You don't have to do that now. You won't have to do that unless and until the Court grants the motion to amend. But I'm just alerting you to that.

It's also important to understand that nothing can be filed ex parte unless the Court allows it. There are, in rare circumstances, situations where ex parte filings are appropriate. I haven't seen any of those circumstances in this case, and I wouldn't expect to. I wouldn't expect to in the vast majority of civil cases that the Court sees.

Another rule that you should, I think, review before you draft your new complaint, or while you're drafting it, is Rule 8, which requires a short and plain statement of the claim. Now, the existing complaint is very, very long. And we don't -- Rule 8 is very permissive. And I'm, obviously, aware that you're not represented by counsel, and I'm aware of the standards that apply to someone who's not represented by counsel. But people who are not represented by counsel -- and

this goes for defendants as well -- still have to follow the rules.

And so, you know, I'm not suggesting, you know, there's a page limit on your complaint. There isn't. But I am suggesting that a short and plain statement is one that, generally speaking, avoids unnecessary verbiage and, most importantly, provides fair notice to each defendant of the claims against that defendant and the grounds on which that claim is based.

So those are the -- I mean, there are other federal rules that apply here. I'm not going to walk through all the federal rules now. There isn't time.

By the way, I should tell all of you, I only have till five o'clock today, and I do have to let the defendants speak and give you a chance to ask questions too. But let me keep going.

So the local rules, I think there's two features of the local rules that I wanted to bring to everyone's attention. One is already sort of active in the case, and that's Local Rule 83.3, Security for Costs.

Now, that rule allows each defendant who is not represented by the same lawyer, who represents other defendants -- so, for example, Mr. Durao's clients would all be considered one defendant for the purposes of that rule, but other persons who are either not represented by counsel or

separately represented would be considered a separate defendant. It allows each defendant to file a motion for security of costs. And the presumption under the rule is that it will be granted with respect to each defendant and because each defendant will incur costs.

And I don't mean attorney's fees. "Costs" are -- are statutorily defined. And the rule, of course, is for security, which means you have to deposit cash in the court.

Now, you opposed the motion that I think was filed by, if I'm not mistaken, Mr. Durao's office.

MR. DURAO: That's correct, Your Honor.

THE COURT: And I haven't ruled on it yet, and you indicated you were indigent. Well, you paid the filing fee in this case, and perhaps more impressively you're paying a process server to serve everybody. So I'm just pointing out what I can see from the record. It doesn't appear to me that you're indigent.

So if ultimately -- I'm not going to rule on that motion now. We're going to wait to see your new complaint. But if ultimately I determine that you're not indigent, you're going to have to pay security for costs for all of the defendants as I defined them a moment ago. So that's something to think about: Do you really need all these defendants? Okay?

Another thing I want all parties to be aware of is the

standing order on civil RICO cases, which is part of our local rules. It's -- actually, if you want to find it, if you go to the local rules and you look -- keep going after the local civil rules end, you'll find the standing order in civil RICO cases, because you have a RICO claim.

And that order requires a lot of specifics. It's based on case law from the Second Circuit. And it requires a lot of specifics. The existing complaint, from what I see, does not comply with that order, which would be grounds to dismiss it. But, again, I'm not going to do that right now, because I'm going to wait to see what your new claim is.

Now let's just generally talk about federal court. Federal courts are courts of limited jurisdiction. We don't have jurisdiction over just any kind of case. Here, because we have in-state residents suing each other, the -- and this case doesn't involve the water, the ocean, or shipping or anything like that, the only basis for a jurisdiction here is, is there claim under federal law?

Well, you've included in your complaint lots of federal statutes. You've listed them. But a lot of these are criminal statutes. And criminal statutes don't create private causes of action in general. Okay? And that's -- the same is, in general, true of state criminal statutes, which you've already included some.

You mentioned 42 U.S.C., Section 1985, subsection (3).

That requires a showing of racial animus. That's going to be tough to do in your situation. And you haven't pled that, from what I can see.

The -- so, again, I'm not making any rulings today. I'm not dismissing anything today. I'm trying to give you guidance for the future if you'd like to get this claim -- this case off the ground. Because, in its current form, it's not going to get off the ground.

The other thing I'll say is that the -- I think you should study the *Twombly* and *Iqbal* cases decided by the Supreme Court in 2007 and 2009, respectively. It talks about what the pleading standard is. It talks about how you have to plead facts that show that each claim against each defendant is plausible.

So, I mean, again, I only had time to read through your complaint briefly, but I don't think it mentions all the defendants. It would be hard to do that given how many there are. And it certainly doesn't specifically plead facts against every defendant. Again, no surprise. It would be very difficult to do that given the number of defendants in this case.

So, lastly, I'll mention that a lot of the allegations here appear very, very old. Some of them appear to date from events over 20 years ago. And while the statute of limitations is an affirmative defense and it can be waived by the

defendants, they're not going to miss that, because some of the stuff is years and years old. So, again, I put this out there for your information in the hope that you'll think about it and address it so that we can all move forward if there's a case to move forward with.

As I said, in my order, your new complaint will be due on February 26th. In the meantime what I'm going to do is I'm going to stay the pleadings. I'm not going to require the defendants to respond to the existing complaint because that would be wasteful given that you intend to file a new complaint. I'm going to deny the motions for default without prejudice because, again, you've indicated you want to file a new complaint, which you will then have to serve on anybody who has not appeared. So we'll see if they respond to that one.

And I'll end with this, and then I'll hear any comments or questions anybody has: I think, ma'am, you should consider -- I'm not telling you what to do, to be clear. It's your complaint. I think you should consider making the complaint much shorter and simpler and dropping most of the defendants, because, from what I could see, again on a quick read, and I could be wrong, I could be wrong about this, but it doesn't appear to me that -- at least some of the defendants you're talking about don't appear to have done anything actionable. For example, I think I saw something in there about two other people maybe kicking you out of a Facebook

group. I can't really think of a cause of action that would result in that, to be honest with you.

So, again, you're the -- you're the drafter of the complaint. You'll put in there what you think should be put in there. But, at the end of the day, if you want the case to move forward and not get stuck, hung up with lots of motion practice, which is just going to delay things, then you may consider following what I've said, my suggestions.

So that's all I had by way of comments. Are there -- ma'am, did you want to -- we'll go around the room. Did you want to say anything today?

MS. ANTAR: Yes.

THE COURT: Could you stand, please, when you address the Court.

MS. ANTAR: Yes. Sorry.

Um, I just wanted to also start by, um, asking, I did speak with the Clerk's Office today and put in a request, um, regarding certain ADA requests for accommodations, and I was told it would be addressed today. I just wanted to know if that was something --

THE COURT: Sure. What accommodations would you like?

MS. ANTAR: Um, is it something I need to say on the record in front of everybody, or are we able to protect my privacy in this since it's under the ADA?

THE COURT: Well, maybe we could do it this way:

Again, today, all we're really here for is so I can kind of give folks that introduction. I do want -- if you want to say anything, I want to give you a chance to do that. If you need an accommodation for that specific purpose, to speak today, then you do need to let me know. But if you don't need an acc -- I mean, we're not having a trial today. There's no need to take notes. There's no need for you to call a witness today. We're not going to be doing that today. So if any of your accommodations relate to things we're not going to be doing in the next 30 minutes or so, then I'd suggest that we don't need to discuss them now.

But if there is something that you would like to say now about the next 30 minutes, I can listen to you. If you think that there's something that's private, we're not going to have an ex parte conversation about it, but you can say, "Judge, I would like to file something ex parte that discusses the basis for this." And I probably would let you do that.

But I need to know -- here's what I need to know: You seem to be making eye contact with me, to be speaking to me just fine. So I'm kind of at a loss to see what accommodation you need to do that.

MS. ANTAR: Um, well, mostly because the two that were relevant to the service, I was asking for an extension of time to be able to clear up, um, you know, some of the confusion, possibly, like, shorten the complaint and make it so I can put

headings of each defendant and specify exactly --

THE COURT: You want more time than February 26?

MS. ANTAR: Yes, and I just wanted to know if that was something that could be granted also as part of this.

THE COURT: Why don't we talk about that now.

MS. ANTAR: Yeah, because I do have --

THE COURT: Let me finish, ma'am. Let's address it.

MS. ANTAR: Okay.

THE COURT: So right now it's February 26. How about March 11th? That's another two weeks.

MS. ANTAR: Okay. But is it something that would definitely be granted for me to have this ability to file the amended complaint?

THE COURT: No, ma'am. What I said was due on March 26 [sic] was a motion to file the amended complaint. As I explained, under Rule 15, at this point you have to file a motion. Okay? So you said you wanted more time; is that right?

MS. ANTAR: Yes. And I just wanted that to be part of the consideration in granting that motion to amend, for leave to amend.

THE COURT: Yeah, I'm taking into consideration right now, ma'am.

MS. ANTAR: Okay.

THE COURT: So, if you'd like, I'll give you to March

11th to file the motion to amend. So I know I already said February 26. I'm changing that now. I'm telling you you have until March 11th to file the motion to amend. Do you understand?

MS. ANTAR: Yes.

THE COURT: Okay.

MS. ANTAR: I wanted to also make sure I understand, because I was also drafting the RICO case statement, and I was trying to make it conform to the local rules from what I read. So I just wanted to know, um, if that can also be expected to be submitted with my potential amended complaint?

THE COURT: Sure, yes. In fact, I would expect it to be submitted with your potential amended complaint as an attachment to your motion to amend.

So you're going to file three things; right? You're going to file a motion to amend on March 11th; you're going to file a proposed amended complaint. You don't need to worry about a redline. We can live without that. Okay? And you can file the RICO case statement then. Okay?

MS. ANTAR: Okay. And one last question. I know you mentioned about the, um, indigency and mentioned me serving with a process server, and I just want to make it clear for the record that I am currently indigent and it is causing a hardship. So I just wanted to know, would I be required to file an affidavit of indigency, or what do I have to do to show

the Court that I cannot afford to pay all this security costs?

THE COURT: Yes, you would need to file proof. And, under the circumstances, it would need to be a good deal more than just an affidavit, and here's why: You filed -- you've served how many defendants in this case?

MS. ANTAR: Um, off the top of my head, I don't know the number.

THE COURT: Well, is it more than 300?

MS. ANTAR: Yes.

THE COURT: Okay. So how much are you being charged to serve each defendant?

MS. ANTAR: Well, many of them are being served in the same place. Like, for example, the Attorney General's Office took service of over a hundred people at once.

THE COURT: Well, I imagine I might hear something from the Attorney General's Office about that, that suggests that maybe they don't agree that that's proper service. We'll wait to hear from them about that.

But let's say you've only got to serve 200 defendants. Okay? Let's say you've only got to serve a hundred defendants. Okay? How much is it for each?

MS. ANTAR: Well, it depends. But I'm paying for the costs of that via credit card, so I'm not paying for cash out of my pocket. I don't physically have the cash or means to do that. I have two children. I have bills to pay. I'm a

student. I'm not working. So my means are very limited. And it wouldn't be possible for me to move forward without serving.

THE COURT: I realize that. And --

MS. ANTAR: So I need to do what I have to do, you know.

THE COURT: Well, yeah. Um, but what can I tell you? I mean, at the end of the day, defendants -- I don't -- if you're suing a hundred people -- and you're suing a good deal more than that -- and you're paying the cost to serve them, however you're paying it, then it's very hard for me at that point to say, Okay, well, but I shouldn't require her to post security.

Because, from the defendant's standpoint, they're going to say, Wait a minute, Judge, okay, she's paying the cost of serving everybody. She paid the filing fee in this case. And now we're going to have to incur costs to respond to the service. And all we're asking for is, if we incur those costs and it turns out she's wrong, we win the case, we want to get -- we want some compensation for those costs.

That's the only purpose of security. You're not paying the defendants anything. You're paying the money into court in the event that you lose the case, the Court awards costs to the defendants, there's something to pay them. That's the purpose of security.

So you can certainly submit -- try to submit proof of

indigency, and you can -- you certainly can do that. Um, I'm just explaining to you, I think there are going to be some obstacles here for you in light of what I said, regardless of how you're paying the process server. Do you understand what I'm saying?

MS. ANTAR: I just don't understand, if somebody physically doesn't have the money, that they would be forced to have an undue financial burden on them. I mean, if I physically don't have the money, then I can prove that I'm facing bankruptcy at this point. And all of this that's happened to me has caused such financial hardship. When I paid that filing fee, that was six months ago. And since then, I've been drained financially to the point where I have nothing left, including having to pay bond to get out of jail for being falsely incarcerated by those defendants.

THE COURT: Let me stop you. I'm going to stop you, okay, because I don't want to go down that rabbit hole. Here's what you'll do: Submit evidence to me, not just an affidavit -- you can submit an affidavit, but I'm going to need evidence. Okay? And I'll consider it. But the evidence is going to have to be made available to the defendant, just so you understand. It's not going to be an ex parte filing, because they need to be able to respond to that, in fairness.

MS. ANTAR: May I ask a question? Do the rules of federal procedure require the defendants to file disclosure

statements with their appearances? I haven't seen any disclosure statements.

THE COURT: I'll have to check the timing, but you're right. Early in the case, they have to file disclosure statements. Our local rule may say "shortly thereafter." You're right. I do agree.

MS. ANTAR: I am making significant claims regarding financial fraud. I know you're mentioning Facebook groups. It's not something insignificant like that. People are accepting nonprofit organizations, defendants -- accepting federal funding under the guise of using it to help people and then taking the money and using it for their own reasons is fraud. And so --

THE COURT: Ma'am, I'm going to stop you. That's got nothing to do with the disclosure statement.

MS. ANTAR: Right, but that's why I'd like to see who their financial -- where their financial interests lie via --

THE COURT: But the disclosure statement isn't going to that show that. If they're corporations, it will show who the stockholders are. That's about it.

MS. ANTAR: That's what I'm interested in seeing, which they haven't filed.

THE COURT: Okay. They'll file them.

MS. ANTAR: Okay.

THE COURT: Because the Court will require them to do

so.

MS. ANTAR: And do they have a certain deadline to do that?

THE COURT: I'll look at the rules and check. Okay?

MS. ANTAR: Lastly, I just wanted to know about getting transcripts of the -- today just so I can remember what was said.

THE COURT: You can contact the court reporter whose number is available on the website.

MS. ANTAR: Okay. Thank you.

THE COURT: Do defendants have anything they wanted to say?

MS. ANTAR: Since I filed the motion, I'll just comment. I appreciated Your Honor's comments from earlier. That was precisely along the lines of what I was hoping to accomplish today, which was to just sort of create some order and avoid constant cross-motions and so forth. So I appreciate that.

THE COURT: I don't think anybody should file anything. There's no reason for anybody to file anything until we see the plaintiff's amended complaint, at which point the Court -- the defendants are free to file whatever oppositions. I'm not going to rule on it right away. I'll wait for any oppositions that may get filed, and then I'll issue a ruling. And then, if the Court allows the filing of the complaint,

we'll move forward from there.

Mr. Cerame.

MR. CERAME: Yes, Your Honor, you've addressed a number of the things I had down for today. There was only one thing I wanted to address because it has to do with the possibility of an amended filing.

Some of the paragraphs for two of my -- my two clients are of deep concern. I don't want to get into the details of why. And I'm not trying to pick a fight with anyone, Judge. But I just want to note as an example of what I was talking about is paragraph 158 in the complaint. And my clients would certainly hope to avoid statements of a similar character as to that. That's all I wanted to say, Judge, and I think that that should be able to convey my concerns to everyone.

THE COURT: I don't know what --

MR. CERAME: I understand.

THE COURT: -- sitting here, what paragraph 158 says, so forgive me. But you've stated what you need to state apparently.

MR. CERAME: Thank you, Judge.

THE COURT: Anybody else? Mr. Durao.

MR. DURAO: Just briefly, Your Honor. Thank you very much. To the extent that Ms. Antar's going to file another opposition to that motion for security of costs, we would just like the opportunity, obviously, to respond.

THE COURT: Right. Obviously, if -- as I say, if she submits proof, I would give you a chance to respond.

MR. DURAO: Thank you. And I don't know if this is just, like, some oddity with the technology, because it could be, but a lot of the things that are being filed aren't OCR-able, which, as Your Honor could probably understand, like --

THE COURT: Need to search.

MR. DURAO: Yeah. I'm happy to read more of the complaint, but it's just easier, I think more efficient probably, for everybody if we could be able to find those things.

THE COURT: That goes beyond -- I know we have electronic filing procedures that everybody's supposed to follow. They probably say they have to be text searchable. I think they should be, but I'm not prepared to issue an order about that right now.

MR. DURAO: Understood, Your Honor. Thank you.

MR. VOTRE: Just for my perspective, it's a concern for my defendant that I represent. Since we're only one of 400 defendants, being able to search the documents will be vastly important, particularly if we get past the pleading stage and we're all looking to file whatever motions we want to file, a searchable complaint. I will say to the Court, I read through the entire complaint last night, and it is very long.

THE COURT: Must have been a long night.

MR. VOTRE: It was a long night, Your Honor, yes, it was.

THE COURT: So I think Ms. Antar said earlier, though, that she intended to identify in the subheading of each count the defendants against whom that count is made.

Did I understand you correctly?

MS. ANTAR: Um, yes, Your Honor.

And may I ask one more question to the defendant?

THE COURT: You may.

MS. ANTAR: I notice, for the appearance that was filed on behalf of the State, there were some state defendants that were not listed. Um, I just wanted to know if the State was intending to appear for all of them or if I would need to serve them the ones that are not listed in your appearance?

MR. VOTRE: Yeah, that brings up another issue. In part, just due to the volume of defendants, I don't know the details of this because my secretary was trying to do it. But she was told by the Clerk's Office that the way that the system is set up only allows the entry of appearance for a hundred defendants. So if there's more, nobody really knew exactly how to go about that.

So she's -- we're going to continue working with that. There are other individuals I do intend to appear for. There was -- part of it was that it was just difficult in some

instances from the allegations to determine whether or not they were being sued in their official capacity or not. And I'm hopeful that a new amended complaint may resolve that.

As to the other issue of just apparently being limited by technology in terms of the number of defendants I'm able to file an appearance for, we're going to continue to try to figure that out. I don't know the answer to it.

THE COURT: All right. So while we're on the subject of state defendants, ma'am, just keep in mind the restrictions of the Eleventh Amendment. So if you sue the defendants in their official capacity, unless you're suing for prospective relief, an injunction, for example, for an ongoing violation of federal law, then the Court's not going to have jurisdiction. So -- so I'll have to dismiss those. I won't have any choice but to dismiss those claims.

You can sue individual defendants, state defendants, in their individual capacities for money damages, if you can plead a claim against them, but you're not going to be able to bring official capacity claims in federal court with the narrow exception I stated, which is called the *Ex parte Young* exception.

So, again, I'm just trying to save everyone time here. I'm not telling -- I'm not dismissing anything. I'm just trying to save you time, because if you write a complaint saying, I'm suing Ned Lamont in his official capacity for a

million dollars of damages, the Court's going to have to dismiss that. That's just the law, so ...

All right. Well, thank you all for coming today. I appreciate it. I thought this was productive. And, as I say, we'll stay everything, and we'll wait for Ms. Antar's filing on March 11th. Thank you very much.

(Proceedings concluded at 4:32 p.m.)

C E R T I F I C A T E

THEODORA F. ANTAR VS. JANE KUPSON GROSSMAN, ET AL.

NO. 3:23-CV-1337 (MPS)

I, Julie L. Monette, RDR, CRR, CRC, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

/S/ JULIE L. MONETTE

___________________________________

Julie L. Monette, RDR, CRR, CRC
Official Court Reporter
450 Main Street - Clerk's Office
Hartford, Connecticut 06103
(860) 212-6937