UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Theodora Antar ) | Civil Action No. **3:23-cv-01337** |
| *Plaintiff* ) | |
| v. ) | |
| Jane Kupson Grossman, et al. ) | |
| *Defendant*s ) | |
| ) | May 15th, 2024 |
| ) | |

# MOTION FOR PRELIMINARY INJUNCTION

Now comes the Plaintiff Theodora Antar, proceeding pro se, and hereby respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 65 for a preliminary injunction against Defendant Yale University to compel the production of records. A preliminary injunction is warranted because Plaintiff is likely to succeed on the merits of her claims, she will suffer irreparable harm without the injunction, the balance of equities favors an injunction, and the injunction is in the public interest. See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In support of this motion, Plaintiff states as follows:

Plaintiff filed this action on 10/12/2023 alleging various claims against Yale University and several of its sub-branches, including but not limited to the Yale New Haven Hospital, Yale Child Abuse Clinic, and the Yale Child Study Center

Between 10/12/23 to present, Plaintiff submitted multiple requests to Yale University pursuant to the Freedom of Information Act (FOIA) and other applicable laws, including by

means of the provided form that Yale stated was necessary for the request, seeking the complete medical and treatment records for her two minor daughters, J.V. and A.L., from the Yale Child Abuse Clinic, the Yale Child Study Center, and Yale New Haven Hospital.

These requested records are directly relevant to Plaintiff's claims that there have been ongoing violations of federal laws and medical malpractice, negligence, and RICO violations on behalf of Yale and its associated entities.

Without access to these critical records, Plaintiff will suffer irreparable harm in her ability to substantiate and prove her case by being unable to provide said information in her amended complaint..

Despite Plaintiff's diligent follow-up requests over the past several months, Yale University has failed to respond and has failed to produce the requested records or provide any substantive response or explanation for withholding them.

Plaintiff is likely to succeed on the merits of her underlying claims, given the facts and evidence involved in this case.

The balance of equities weighs strongly in favor of granting the requested injunction. While producing the records imposes a minimal burden on Yale, Plaintiff's need for them is critical and outweighs any minor inconvenience to Yale. See *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 38 (2d Cir. 2010).

Finally, the public interest will be served by allowing Plaintiff access to these records to pursue her claims, which involve issues of child trafficking, sex trafficking, racketeering, fraud, abuse of process, bribery, and other violations in which the public is highly interested in.

**MOTION FOR PRELIMINARY INJUNCTION**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a preliminary injunction ordering Yale University to produce the complete medical and treatment records requested for J.V. and A.L. within 10 days;

Respectfully submitted,

The Plaintiff

Theodora F Antar /s/

_____

PO Box 3554, Milford, CT, 06460

(203)273-8419

theodoraantar@gmail.com

**MOTION FOR PRELIMINARY INJUNCTION**

**CERTIFICATION OF SERVICE**

The plaintiff certifies that a copy of the foregoing notice was sent to all parties and counsel of record on 4/30/24

Respectfully submitted,

The Plaintiff

Theodora F Antar /s/

_____

PO Box 3554, Milford, CT, 06460

(203)273-8419

theodoraantar@gmail.com

**MOTION FOR PRELIMINARY INJUNCTION**

4